Shirley A. **WILLIAMS**, Appellant,

v.

**LITTLE ROCK MUNICIPAL WATER WORKS**, Appellee.

No. 93–2198.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1993.

Decided April 6, 1994.

Rehearing Denied May 5, 1994.

220

Ronald Wilson, West Memphis, AR, argued, for appellant.

Kathlyn Graves, Little Rock, AR, argued (Stuart Jackson, on the brief), for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Shirley A. Williams appeals from a final judgment entered in the United States District Court[1] for the Eastern District of Arkansas in favor of her employer Little Rock Municipal Water Works (Water Works). 155 F.R.D. 188. The district court granted Water Works' motion for summary judgment and denied Williams leave to amend her complaint and her request for a continuance. For reversal, Williams argues that the district court abused its discretion in denying her leave to amend her complaint, erred in finding that she failed to state claims under 42 U.S.C. §§ 1981 and 1983, and erred in concluding that her claim of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), should be dismissed because she failed to

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

exhaust administrative remedies. For the reasons discussed below, we affirm the judgment of the district court.

Water Works, a municipal agency, employed Williams, an African–American female, in May 1972 as a Mail Clerk. During her tenure at Water Works, Williams was promoted several times. In 1974 she was promoted to the position of Customer Service Clerk. She was promoted to Cashier in March 1978, promoted again to Computer Operator Trainee in April 1982, and to Computer Operator in 1984. However, in 1987 Williams was denied a promotion she had requested. In response, on January 26, 1987, Williams filed a charge with the EEOC alleging race discrimination in the denial of a pay raise and promotion in violation of Title VII. The EEOC issued a determination letter that there was no reasonable cause to believe that Water Works had violated Title VII. The EEOC issued Williams notice of the right to sue on her complaint, but Williams opted not to take legal action against Water Works at that time.

In October 1990 Williams was denied a merit raise and promotion to the position of Administrative Assistant to the Commercial Manager based on an evaluation by her immediate supervisor that another candidate was more qualified for the position. In response, Williams filed a second EEOC charge and accompanying affidavit alleging that she had been denied the promotion and merit raise in retaliation for filing the 1987 EEOC charge. The EEOC issued a determination that this second EEOC charge was without merit. The EEOC issued Williams notice of her right to sue. Williams filed suit *pro se* in federal district court. Her judicial complaint alleged that Water Works maintained racially discriminatory job classifications, refused to hire African–Americans, maintained racially discriminatory employment practices and policies, and wrongfully terminated African–Americans. Williams alleged that Water Works' conduct violated Title VII and 42 U.S.C. §§ 1981 and 1983. Williams attached to her complaint the 1990

EEOC charge which alleged that Williams was denied a promotion in retaliation for filing the 1987 charge of discrimination.

Water Works moved for partial summary judgment in January 1993 claiming that Williams failed to state a claim upon which relief could be granted under 42 U.S.C. §§ 1981 and 1983, and that the allegations of race discrimination set forth in Williams' complaint were beyond the scope of her EEOC complaint which alleged only retaliation, and, thus, should be dismissed. Subsequently, Williams requested leave to amend her complaint and a continuance in March 1993. Williams' amendment sought to add new defendants, allege "specific allegations of policy or custom," and add allegations of a violation of the Civil Rights Act of 1991 (the 1991 Act). Williams also requested a continuance until the United States Supreme Court issued its decision in *Landgraf v. USI Film Products,* 968 F.2d 427 (5th Cir.1992) (*Landgraf*), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993) and the companion case, *Rivers v. Roadway Express, Inc.,* 973 F.2d 490 (6th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993), reviewing the retroactive application of the 1991 Act.

The district court granted Water Works' motion for partial summary judgment and denied Williams' request to amend her complaint and request for a continuance. Williams' remaining Title VII claim of retaliation was tried to the district court and judgment was entered in favor of Water Works. Williams appeals the district court's decision granting partial summary judgment to Water Works and denying her request to amend her complaint and for a continuance.[2]

Williams first argues that the district court erred in granting Water Works' motion for summary judgment as to Williams' race discrimination claims under Title VII. In its motion, Water Works requested that the district court limit Williams' Title VII claims to retaliation because Williams had only alleged retaliation in her 1990 EEOC charge. Water Works argued that Williams could not pro-

---

2. Williams does not appeal the district court's finding that she was not a victim of retaliation by Water Works.

ceed on the Title VII race discrimination claim alleged in her judicial complaint because she failed to allege race discrimination in her 1990 EEOC charge. Williams contends that her race discrimination claim was within the scope of her 1990 EEOC charge and, thus, the district court erred in precluding her from proceeding on her theory of race discrimination. Williams also contends that the district court erred in granting summary judgment as to her claims under 42 U.S.C. §§ 1981 and 1983. Williams further argues that the district court abused its discretion in denying her request to amend her complaint and for a continuance. We disagree with all of these contentions.

## I. SCOPE OF EEOC CHARGE

The gist of the Title VII claims presented in Williams' judicial complaint is that she and other African–Americans employed by Water Works were discriminated against based on race as to the terms and conditions of their employment. The district court dismissed these claims because Williams did not raise them in her 1990 EEOC charge.

■ Title VII prohibits discrimination in employment based on race. 42 U.S.C. § 2000e–2(a). However, Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Patterson v. McLean Credit Union,* 491 U.S. 164, 180–81, 109 S.Ct. 2363, 2374–75, 105 L.Ed.2d 132 (1989). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e). Once an individual receives notice of the right to sue, she has 90 days in which to file suit. 42 U.S.C. § 2000e–5(f)(1). In the present case, it is undisputed that Williams did not file suit within 90 days of receiving notice of the right to sue on her January 1987 EEOC charge alleging race discrimination. For that reason, claims based on events which prompted Williams' first EEOC charge are barred by statute.

■ It is similarly undisputed that Williams' second EEOC charge filed in 1990, upon which Williams filed suit, makes no reference to race discrimination but is confined to retaliation. However, Williams contends that her race discrimination claims are "like or reasonably related" to the retaliation claim that was timely brought and are within the scope of her retaliation claim. A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC. *E.g., Anderson v. Block,* 807 F.2d 145, 148 (8th Cir.1986) (citing *Ong v. Cleland,* 642 F.2d 316, 318 (9th Cir.1981)); *see also Wentz v. Maryland Casualty Co.,* 869 F.2d 1153, 1154 (8th Cir.1989) (ADEA).

■ Williams contends that her allegations of race discrimination are directly related to her allegations of retaliation by Water Works contained in the 1990 EEOC charge. Williams maintains that, but for the 1987 EEOC charge alleging race discrimination, the 1990 EEOC charge of retaliation would not have been necessary. Williams also argues that both the race discrimination and retaliation charges are grounded in Water Works' failure to promote and award her a pay raise and, thus, the two charges must be construed together in assessing the permissible scope of her judicial complaint.

In the particulars of her 1990 EEOC charge, Williams complained of retaliation. Williams failed to allege any facts in the narrative section of her charge which raise the issue of race discrimination. To the contrary, Williams' charge was highly specific. Williams stated "I have been denied a promotion and a merit raise as of October 3, 1990, because I filed a previous charge of discrimination. I believe I am being retaliated against for filing the charge in violation of Title VII." The affidavit Williams provided

to the EEOC in support of her 1990 EEOC charge mentions only two specific instances of alleged misconduct and states "I believe I have been passed over for promotion and did not receive a merit raise because I filed the previous charge of discrimination." On the EEOC complaint form, Williams marked the box entitled "retaliation" and left the box marked "race" empty. Further, in response to the question "[w]hy do you believe this action was taken against you," Williams answered on the EEOC Intake Questionnaire "because I have previously filed a charge with the EEOC." It is uncontroverted that the EEOC only investigated the allegations of retaliation that were set forth in the charge.

Williams argues that EEOC charges are to be read liberally, particularly when filed by a plaintiff proceeding *pro se,* to protect her from forfeiting claims because of a crabbed and artificial reading of the charge. Williams argues that the district court dismissed her race discrimination claims because of a mere technicality.

"Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Babrocky v. Jewel Food Co. & Retail Meatcutters,* 773 F.2d 857, 863 (7th Cir.1985). In the present case, Williams' claims of race discrimination are separate and distinct from her claims of retaliation. Not only did Williams fail to check the box for race discrimination, her 1990 EEOC charge and supporting affidavit specifically and unambiguously alleged that Water Works retaliated against her because she had filed a charge with the EEOC in January 1987. The 1990 EEOC charge does not even hint of a claim of race discrimination. This amounts to more than a mere technicality and is the product of an unconstrained reading of Williams' charge. The only claim properly addressed by EEOC administrative processes was that of retaliation. Therefore, we hold that the district court did not err in granting Water Works' motion for summary

judgment as to Williams' Title VII race discrimination claims.

## II. CLAIMS UNDER 42 U.S.C. §§ 1981, 1983

Williams next argues that the district court erred in granting summary judgment in favor of Water Works on Williams' claims under 42 U.S.C. §§ 1981 and 1983.

■ A municipality may be sued directly, as a "person" under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (*Monell* ). *Monell,* however, established strict limits to the liability of municipalities. In *Monell,* the Supreme Court held that a municipality may not be held liable for violations of § 1983 through the doctrine of *respondeat superior. Id.* at 694, 98 S.Ct. at 2037. Rather, municipal governments can be held liable for the acts of their employees in contravention of the civil rights of individuals only upon a showing that a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" is the motivating force behind the acts of those employees. *Id.* at 690, 98 S.Ct. at 2035. Additionally, proof of a single incident of unconstitutional activity is not sufficient to establish liability under *Monell. City of Oklahoma City v. Tuttle,* 471 U.S. 808, 824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

■ In paragraph 8 of her complaint, Williams alleged that defendant Water Works "had engaged in unlawful employment practices and policies in violation of 42 U.S.C. §§ 1981, 1983, and 2000 *et seq.*" Aside from this allegation, Williams offers no facts or evidence regarding the existence of a particular policy or custom which caused her to be subjected to a deprivation of constitutional rights. Williams failed to allege in her complaint or identify in her deposition any custom or policy of racially disparate treatment in the promotional process. Williams did not present any facts in her response to Water Works' motion for partial summary judgment that would support a § 1983 claim. Williams offered no evidence to support a custom or policy of racially disparate treatment. There is no circumstantial evidence supporting her claims, nor is there any direct evidence sup-

porting her claims. In fact, the record is bereft of any evidence which would support a finding that racial issues had any effect on the promotional process.

As a matter of law, given the information on the record, no reasonable factfinder could conclude that there was any policy or custom to treat African–American employees any differently than Caucasian employees were treated. In the absence of a finding that there was a policy or custom, the municipality cannot be liable under § 1983. Accordingly, the district court did not err in granting summary judgment in favor of Water Works on Williams' § 1983 claim. *See Morton v. City of Little Rock,* 934 F.2d 180, 183–84 (8th Cir.1991) (no evidence produced to support claim that municipal policy or custom existed and thus·claim properly dismissed).

In addition to Williams' inability to maintain a § 1983 action against Water Works because of her failure to plead the existence of a policy or custom, this court holds that the district court did not err in granting summary judgment on Williams' claims under 42 U.S.C. § 1981.

■ In *Jett v. Dallas Independent School District,* 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2722, 105 L.Ed.2d 598 (1989), the Supreme Court held that 42 U.S.C. § 1983

provides the exclusive federal damages remedy for violations of the rights guaranteed by § 1981 when the claim is against a state actor. Thus to prevail on [a] claim for damages against [a municipality], [Williams] must·show that the violation of [her] right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases.

Accordingly, Water Works was entitled to summary judgment on Williams' § 1981 claims for the same reason Williams' § 1983 claims did not survive summary judgment: failure to allege facts or present evidence that the alleged violations were taken pursuant to an official policy or custom.

## III. LEAVE TO AMEND, CONTINUANCE

We therefore turn to Williams' contention that the district court abused its discretion in denying her request for leave to amend her complaint and for a continuance. Williams requested leave to amend her complaint to name additional defendants in their individual and official capacities, to allege "specific allegations of policy and custom by Water Works," and to "allege a violation of the Civil Rights Act of 1991," and requested a continuance "in view of the pending question before the Supreme Court of the retroactive application" of the 1991 Act. After a thorough review of the record, we hold that the district court did not abuse its discretion when it refused to grant Williams leave to amend her complaint and her request for a continuance.

■ Although it is well settled that leave to amend should "be freely given when justice so requires," Fed.R.Civ.P. 15(a), permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief, or if she is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (*Foman*). The· trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion.· *Perkins v. Spivey,* 911 F.2d 22, 34–35 (8th Cir. 1990) (no abuse of discretion where movant waited eighteen months after filing before seeking to amend and extensive discovery already conducted); *Thompson–El v. Jones,* 876 F.2d 66, 67–68 (8th Cir.1989) (*Thompson–El*) (no abuse of discretion in denying motion to amend since eighteen months had passed since filing of complaint, motion was made two weeks before trial and discovery cutoff had passed). There is no absolute or automatic right to amend. *Thompson–El,* 876 F.2d at 67.

■ Williams filed her motion to amend her complaint some fourteen months after filing the original complaint, six days after the discovery cutoff date set by the district court had passed and less than three weeks before the trial date. The case had previously been continued on two occasions and the discovery cutoff extended on one additional occasion. At this late date, the addition of new defendants, with no prior notice of the

suit, would have resulted in undue prejudice to the new defendants. The only means of avoiding such undue prejudice would have been to further delay the trial. "When a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay," the movant must justify the belatedness of her motion. *Thompson–El,* 876 F.2d at 67. Here, Williams offers no valid explanation for why she failed to seek leave at an earlier time to file an amended complaint adding new defendants and adding allegations of discriminatory policies and customs by Water Works.

Further, a thorough examination of the record reveals that Williams and her counsel were dilatory throughout the pendency of this action. Williams continually delayed the taking of her deposition and, as a result, Water Works was forced to file a motion for extension of time in order to comply with the district court's scheduling order. Williams also failed to respond to Water Works' interrogatories and requests for document production, necessitating a motion to compel by Water Works. Williams did not respond to the discovery order and Water Works filed a motion for sanctions. Williams did not answer Water Works' discovery requests until two months after the district court ordered her to answer and six days after the discovery cutoff. Williams does not present any justifications for these delays. *See Mills v. Des Arc Convalescent Home,* 872 F.2d 823, 826 (8th Cir.1989) (request to amend denied where plaintiff, without justification, consistently missed her filing deadlines and did not move to amend until less than three weeks before trial).

Williams' motion to amend also sought to allege violations of the Civil Rights Act of 1991 and requested a continuance in light of the cases pending before the Supreme Court regarding the 1991 Act's retroactive application.[3] Williams argues that her motion to amend and request for continuance should have been granted so that she could benefit from the remedial provisions of the 1991 Act providing for compensatory and punitive damages, as well as the option of jury trials. Williams further argues that more expansive claims are available for 42 U.S.C. § 1981 violations under the 1991 Act, and that Water Works' alleged conduct in denying her a promotion and pay raise is now actionable under § 1981 as a result of the 1991 Act.[4]

 It is settled that "if the proposed change ... advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1487, at 637 (1991); *see e.g., Foman,* 371 U.S. at 182, 83 S.Ct. at 230. Good reason to deny leave to amend exists if the amendment would be futile. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Thompson–El,* 876 F.2d at 67. As discussed above, Williams' claims under 42 U.S.C. § 1981 fail as a result of her failure to plead in her complaint and present evidence that the alleged deprivations occurred as a result of an official policy, custom, or practice of Water Works. The 1991 Act, even if retroactively applied, would not relieve Williams of the burden of proving this element of a § 1981 claim.

 Also, as discussed above, Williams' 42 U.S.C. § 1983 claims and allegations of race discrimination under Title VII were properly dismissed. The only remaining claim amenable to the jury trial and compensatory and punitive damages provi-

3. *See Landgraf v. USI Film Products,* 968 F.2d 427 (5th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *Rivers v. Roadway Express, Inc.,* 973 F.2d 490 (6th Cir. 1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993).

4. Section 101(2)(b) of the 1991 Act legislatively reversed *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) (*Patterson*). In *Patterson,* the Court held that § 1981 "does not extend as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* at 177, 109 S.Ct. at 2373. The 1991 Act, however, directs that the employment contract language of § 1981 be interpreted to include "the making, performance, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Consequently, conduct that *Patterson* excluded from § 1981's scope is now actionable as a result of the 1991 Act.

sions of the 1991 Act, were it held to be retroactive,[5] was Williams' claim of retaliation. Our review of the record confirms the holding of the district court that Williams failed to carry her burden of proving that she was retaliated against because she filed previous charges of race discrimination with the EEOC. Therefore, Williams' motion to amend and request for a continuance as they relate to the possible retroactive application of the remedies provisions of the 1991 Act were futile.

We hold that the district court did not abuse its discretion in denying Williams' motion for leave to amend her complaint.

Accordingly, we affirm the judgment of the district court.

---

5. It is settled in this Circuit that the 1991 Act is not to be applied retroactively. *See Fray v. Oma-* *ha World Herald Co.,* 960 F.2d 1370, 1377–78 (8th Cir.1992).