29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Benjamin Leland McGEE, Appellant,
v.
PAUL REVERE LIFE INSURANCE COMPANY, Appellee.
 No. 93-3861.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1994.
Filed: July 8, 1994.
 
 Before LOKEN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Benjamin McGee brought this action against the Paul Revere Life Insurance Company (Paul Revere) seeking compensatory and punitive damages for the improper termination of his disability policy. Specifically, McGee alleged that Paul Revere unlawfully procured, through fraud and threats of prosecution, a release from liability under the policy. The district court[1] rejected McGee's fraud claim as a matter of law, and determined based on special interrogatories answered by the jury, that McGee failed to sustain a valid claim of duress.
 
 
 2
 McGee appeals, asserting that the district court erred in: 1) denying his motion for judgment as a matter of law, or in the alternative, for a new trial; 2) granting partial summary judgment in favor of Paul Revere on the fraud claim; 3) misinstructing the jury on the duress claim and propounding special factual interrogatories to the jury which did not permit the jury to decide the ultimate legal issues; 4) failing to apply the correct standard regarding the burden of proof; and 5) denying his motion to amend his complaint. We affirm.
 
 I. BACKGROUND
 
 3
 McGee had a "non-cancelable" disability policy with Paul Revere. For a year and a half McGee made claims under the policy based on his diagnosed condition of "major depression." Paul Revere paid these claims in full, in an amount just over $100,000. Paul Revere then began an investigation to determine whether McGee had misrepresented facts on his original disability insurance application, and to determine whether McGee remained disabled under the terms of the policy. The investigation revealed that McGee had forged a work supervisor's name on monthly income updates provided to the insurer and that these updates understated McGee's earnings. In addition, Paul Revere learned that McGee had initiated a campaign for public office, an activity possibly inconsistent with his claim of an ongoing disability.
 
 
 4
 On October 27, 1988, Mark Reger, an agent of Paul Revere, met with McGee. McGee alleges that at that meeting Reger threatened him with criminal prosecution for alleged acts of forgery and for allegedly obtaining policy benefits through fraud and false pretenses. McGee also alleges that Reger threatened to release information about McGee's psychiatric history to the authorities and the media if McGee did not sign a release surrendering his policy. Ultimately, McGee agreed to sign such a release. In exchange, Paul Revere agreed to let McGee keep the $100,000 in prior policy payments, and to keep silent about McGee's psychiatric history.
 
 
 5
 Two years later, McGee sought benefits under the Paul Revere policy. McGee sought cancellation of the 1988 release, contending that it had been procured unlawfully. When Paul Revere refused to cancel the release, McGee brought this diversity action seeking compensatory and punitive damages, alleging that the release was invalid because Paul Revere obtained it through fraud and threats of criminal prosecution. During the two years between the signing of the release and McGee's attempt to cancel it, McGee served in the Arkansas legislature. McGee has presented no allegations that Paul Revere ever released any of the information in McGee's file to the authorities or the media.
 
 
 6
 On March 20, 1992, the district court denied Paul Revere's motion for summary judgment. Later, the district court set trial for September 27, 1993, with all discovery to be completed by August 6, 1993. On August 6, 1993, McGee filed a motion to amend his complaint to include the torts of outrage (synonymous with "intentional infliction of emotional distress") and negligence. The district court denied leave to amend since the motion failed to comply with the established trial schedule, and McGee failed to show why he had not asserted these claims earlier.
 
 
 7
 Judge Bogue bifurcated the trial, with the first portion focused on the validity of the release and the circumstances surrounding its execution including the issue of duress. The second portion of the trial was to focus on any law claims that might remain if the release was found to be invalid. In a pre- trial letter to the parties, Judge Bogue also stated that the clear and convincing evidence standard would apply, and that special interrogatories would be submitted to the jury from which the court would answer the ultimate legal questions.
 
 
 8
 Before trial, Judge Bogue entered an order reconsidering Judge Wright's previous denial of summary judgment for Paul Revere on the fraud/deceit claim. He granted summary judgment in favor of the defendant on the fraud claim, and proceeded to try the case on the duress issue only. McGee moved for judgment as a matter of law on the issue of the validity of the release at the close of plaintiff's evidence and at the close of defendant's evidence. The district court denied both motions and submitted nine special interrogatories to the jury. Interrogatory 9 asked:
 
 
 9
 Do you find by a preponderance of the evidence that plaintiff attempted to overcome the effect of the release, or contest it, within a reasonable time after the November 1988 election?
 
 
 10
 Appellant's App. at 82. The jury answered "no" to Interrogatory 9. Based on the results of the interrogatories, the district court entered judgment in favor of Paul Revere. The district court concluded that the plaintiff had failed to present clear and convincing evidence that the release should be set aside. The district court denied McGee's post trial motions for judgment as a matter of law and a new trial. McGee timely appealed.
 
 II. DISCUSSION
 A. Summary Judgment on Fraud Claim
 
 11
 When reviewing a motion for summary judgment, we apply the same standard used by the district court. Thus, giving the benefit of all factual inferences to the nonmoving party, we determine whether a genuine issue of material fact exists for trial. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).
 
 
 12
 McGee contends that Reger's testimony established the invalidity of the release as a matter of law, and thus, that the trial court erred in granting Paul Revere's motion for summary judgment on McGee's fraud claim. We disagree and hold that the jury's response to Interrogatory 9 is dispositive of this issue.
 
 
 13
 In Arkansas, a person who has been induced to enter into a contract by reason of misrepresentation, fraud, or duress must proceed with reasonable diligence to disaffirm the agreement. Koolvent Aluminum Awning Co. of Ark. v. Johnson, 331 S.W.2d 265, 267 (Ark. 1960). Even if the statements made by Reger did constitute fraud, the jury's answer to Interrogatory 9 is a finding of fact that McGee did not proceed with reasonable diligence to disaffirm the release. This finding required judgment for Paul Revere.
 
 B. Jury Instructions on Duress
 
 14
 McGee objects to the manner in which the district court employed the jury, and to the language of Interrogatory 9 in particular. McGee objects to the procedure used by the trial court of submitting special interrogatories to the jury and then determining the questions of law based on the jury's responses. Here, the jury found the essential facts, then the court determined, as a matter of law, that the facts could not support a claim of duress because McGee in effect ratified the release by his two years of silence. We have previously approved the procedure employed by the district court, W.R. Grimshaw Co. v. Nevil C. Withrow Co., 248 F.2d 896 (8th Cir. 1957) (applying Arkansas law), cert. denied, 356 U.S. 912 (1958), and do not consider its use error in this case.
 
 
 15
 McGee also argues that the district court erred in issuing Interrogatory 9, which asked if McGee attempted to avoid the release within a reasonable time after his November 1988 election. Appellant argues that in this context, Interrogatory 9 told the jury when to start the clock on a "reasonable time." This claim fails because McGee did not preserve this objection for appeal, and even if he had, the jury instruction was not prejudicial towards him. The district court has wide discretion in its formulation of jury instructions, Brown v. Stites Concrete, Inc., 994 F.2d 553, 559 (8th Cir. 1993) (en banc). We will not disturb a judgment unless those instructions fail to fairly and adequately state the applicable law. City of Malden, Mo. v. Union Elec. Co., 887 F.2d 157, 163 (8th Cir. 1989). Here, we cannot say that the district court abused its broad discretion by including "November 1988" in Interrogatory 9.
 
 C. Burden of Proof
 
 16
 We need not decide whether the court properly applied the clear and convincing standard with regard to McGee's claim of duress because we hold that Interrogatory 9 is dispositive here as well. In order to justify cancellation of a contract due to duress, a party must show: 1) that there was a threat of a grievous wrong such as death, great bodily injury or unlawful imprisonment; and 2) that the party, acting under such threats, moved to cancel it promptly. Sims v. First Nat'l Bank, Harrison, 590 S.W.2d 270, 274-75 (Ark. 1979). Under either the clear and convincing standard or the preponderance of the evidence standard, McGee's duress claim fails because the jury found he did not act to void the release within a reasonable time.
 
 D. Motion to Amend
 
 17
 The district court did not abuse its discretion by denying McGee's motion to amend his complaint to assert outrage and negligence. The trial court had entered a scheduling order providing that all discovery should be completed no later than August 6, 1993, and that all motions and pleadings should be filed sufficiently in advance of that discovery cutoff date to allow for a timely response. McGee filed his motion to amend on the last day for discovery. Such an amendment to add tort claims would have placed new requirements for discovery and presentation of evidence on Paul Revere not required by the surviving breach of contract allegations. Moreover, granting McGee's motion to amend almost certainly would have delayed the trial. Under such circumstances, the trial court may deny a motion to amend in order to prevent prejudice or avoid undue delay. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218 (8th Cir. 1994). As a result, we hold the trial court did not abuse its discretion in denying McGee's motion to amend.
 
 III. CONCLUSION
 
 18
 The trial court did not err with respect to any of the issues presented in McGee's appeal. Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation