46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Rudolph SLAUGHTER, Appellant,
v.
Anthony M. FRANK, Appellee.
 No. 94-2425WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 13, 1995.
Filed: Jan. 30, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rudolph Slaughter, a handicapped black United States Postal Service employee, appeals the district court's denial of his motions to amend his complaint and the adverse grant of summary judgment in this employment discrimination action. We affirm.
 
 
 2
 Slaughter filed a formal complaint with the Postal Service asserting that in January 1990, two of his supervisors discriminated against him based on his race and sex by subjecting him to an unwarranted "job discussion." Slaughter later complained informally to the Postal Service about retaliatory conduct by his supervisors, but Slaughter never filed a formal complaint about the alleged retaliation. Slaughter then brought this action in the district court, asserting that during 1990 and 1991, several supervisors blacklisted him, denied him a promotion, denied him training and supervisory duties, and demoted him from an acting supervisory position because of his race and sex and in retaliation for his discrimination complaints.
 
 
 3
 Slaughter moved to amend his district court complaint to add a supplemental claim that his supervisors retaliated against him and subjected him to handicap discrimination in 1992 by unfairly reprimanding him. The district court denied Slaughter's motion without prejudice for failure to exhaust administrative remedies on the supplemental claim. Slaughter then presented the supplemental claim to the Postal Service, and the Postal Service issued a final, adverse agency decision and a right-to-sue notice on March 22, 1993. Slaughter filed a copy of these documents and a "notice of receipt of final agency decision" with the district court on June 29. On October 25, Slaughter again moved to add the supplemental claim to his district court complaint. The district court denied Slaughter's second motion to amend as untimely because Slaughter failed to file the motion within ninety days after receiving his right-to-sue notice. The district court then granted the Postal Service summary judgment on Slaughter's original district court complaint, concluding, among other things, that Slaughter had failed to exhaust his administrative remedies on the failure to promote, failure to train, and retaliation claims.
 
 
 4
 On appeal, Slaughter contends the district court committed error in denying his first motion to amend his complaint. Slaughter argues the district court should have treated the supplemental claim as exhausted at that time, because the supplemental claim is like or reasonably related to a claim Slaughter had already exhausted in the Postal Service, the "job discussion" claim. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). We reject this argument. Slaughter's supplemental claim, which asserted handicap discrimination and retaliation based on a 1992 reprimand, is separate and distinct from Slaughter's claim asserting race and sex discrimination based on the 1990 job discussion. See id. at 223 (race discrimination claims separate and distinct from retaliation claims). Because Slaughter had not yet exhausted his administrative remedies on the supplemental claim, the district court correctly denied Slaughter's first motion to amend his complaint. See id. at 222 (plaintiff must exhaust administrative remedies before bringing employment discrimination claim in district court).
 
 
 5
 Slaughter next contends the district court erroneously concluded his second motion to amend his complaint was time-barred under the ninety-day statute of limitations in 42 U.S.C. Sec. 2000e- 16(c) (Supp. V 1993). Slaughter contends the district court's order denying his first motion to amend equitably tolled the time period for amending his complaint because the order led him to believe "he need do no more than file notification to the court that exhaustion had occurred." This argument is meritless. Although the statute of limitations may be tolled when the court misleads a litigant about the filing requirements, see Warren v. Dep't of the Army, 867 F.2d 1156, 1159-60 (8th Cir. 1989), the district court did not mislead Slaughter. The district court denied Slaughter's first motion to amend "without prejudice to refiling when all administrative remedies have been exhausted." This language could not have led Slaughter to believe he was exempt from refiling within the ninety-day period, and he failed to file even his "notice of receipt of final agency decision" within the limitations period.
 
 
 6
 Finally, Slaughter challenges the adverse grant of summary judgment on the failure to promote, failure to train, and retaliation claims in his original district court complaint. Slaughter contends he exhausted his administrative remedies on these claims because they relate to the job discussion claim he exhausted in the Postal Service. See Williams, 21 F.3d at 222. We disagree and conclude the district court properly granted summary judgment.
 
 
 7
 Accordingly, we affirm.