Robyn SMITH, Plaintiff,

v.

FOOTE'S DIXIE DANDY, INC., an Arkansas corporation, Defendant.

Bankruptcy No. PB–C–94–695.

United States District Court, E.D. Arkansas, Pine Bluff Division.

Sept. 29, 1995.

Bernard Kenneth Johnson, Dumas, AR, for plaintiff.

Michael J. Dennis, Bridges, Young, Matthews & Drake, Pine Bluff, AR, for defendant.

## ORDER

ROY, District Judge.

Now before the Court is the motion of the defendant for summary judgment. As more fully described below, the motion is granted in part and denied in part.

\* \* \*

The plaintiff has brought her claim relating to alleged sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (harassment and retaliation); 42 U.S.C. § 1983; the Arkansas Civil Rights Act as codified at A.C.A. 16–123–103; and the civil tort of outrage. In its summary judgment motion and accompanying pleadings the defendant has argued that each of these theories fail as a matter of law.

### I.  42 U.S.C. § 1983 claim

The Court first addresses the § 1983 claim. Simply put, that statute prohibits a party *acting under color of state law* from violating a right protected by the Constitution or laws of the United States. In its motion for summary judgment on this point, the defendant has essentially argued that, whatever else might be true, there has been absolutely no showing, nor can there be, that the defendant is a state actor. Indeed, the plaintiff did not challenge the defendant on this point in her response to the motion. Finding that the defendant is no state actor within the meaning of § 1983, the Court grants the motion for summary judgment as to plaintiff's § 1983 claim.

### II.  Arkansas Civil Rights Act

The Court now addresses that portion of the summary judgment motion dealing with the Arkansas Civil Rights Act ("ACRA" or "Act"). The defendant points out that the plaintiff in her complaint does not simply plead that a violation of the Act occurred, she instead specifically referred to § 16–123–103 in the "Introduction" portion of the complaint. "Plaintiff brings this suit pursuant to Title VII ... [and] Arkansas Code Ann. Sect. 16–123–103 ... to seek redress for the violation of her right to work in an environment free of sexual harassment...." Plaintiff's Complaint at 1.

Section 16–123–103 is the portion of the ACRA dealing with deprivation of a right secured by the Arkansas Constitution at the hands of governmental employers or employers acting under color of state authority, a sort of state version of 42 U.S.C. § 1983. Defendant argues that since it is not a state actor, it cannot be held liable under Section 103. Strictly speaking, that is true. However, that is not the precise issue the Court must consider. Rather, the Court must determine whether the plaintiff's ACRA claim should be dismissed because plaintiff cited to the wrong section of the Act. The Court thinks not.

The gist of plaintiff's complaint is that harassment she suffered at work violated her rights under both federal and state law. Her specific allegations have been known to the defendant since the outset of this action. She has a right to "obtain and hold employment without discrimination" under the ACRA, just as she does under Title VII. A.C.A. 16–123–107(a)(1). The plaintiff mentioned she was alleging a parallel claim pursuant to the ACRA in her complaint. The defendant had actual notice of her claim and will not be prejudiced by having to defend same. The defendant's motion for summary judgment as to plaintiff's claim brought pur-

suant to the Arkansas Civil Rights Act is denied.

## III. *The Tort of Outrage*

The defendant also argues that summary judgment on plaintiff's tort claim of outrage should be entered in favor of defendant. It essentially argues what the plaintiff has alleged would be insufficient to sustain an outrage claim, even if proved.

■ "... Arkansas recognizes a claim of outrageous conduct based on sexual harassment." *Davis v. Tri–State Mack Distributors, Inc.,* 981 F.2d 340, 342 (8th Cir.1992) (citing *Hale v. Ladd,* 308 Ark. 567, 826 S.W.2d 244 (1992)). It is among plaintiff's allegations, and supported by affidavits, that even after the supervisor which harassed plaintiff with his reprehensible and vulgar conduct was reassigned,[1] she still was subjected to retaliatory and other harassment by other "higher-ups" of the company, and that her complaints led the defendant to initiate an extensive and devious effort to not only force her to quit (which she eventually did) but to also pressure other employees sympathetic to plaintiff to either "toe the company line" or lose their jobs as well. The Court finds that the totality of the defendant's alleged conduct, if proved to the satisfaction of the trier of fact, could well "be regarded as atrocious, and utterly intolerable in a civilized society." *Sterling Drug, Inc. v. Oxford,* 294 Ark. 239, 243–44, 743 S.W.2d 380 (1988). The defendant's motion for summary judgment on plaintiff's outrage claim is denied.

## IV. *Title VII claims*

The Court finally addresses plaintiff's Title VII claims. The plaintiff asserts that she was subject to both sexual harassment and related retaliation in violation of 42 U.S.C. § 2000e, et seq.

1. Rather than accept reassignment, the supervisor in question resigned.

2. A fifth part of the test is sometimes added; namely that the "employer ... knew or should have known of the harassment and took no remedial action." *Spencer v. General Elec. Co.,* 894 F.2d 651, 658 (4th Cir.1990). However, an employer is strictly liable for the actions of its supervisors that amount to sexual harassment

### A.1) *Sexual harassment-quid pro quo*

■ With regard to her claim of sexual harassment, defendant argues that under either the *quid pro quo* theory of sexual harassment or the "hostile work environment" theory, defendant is entitled to summary judgment as a matter of law.

[For a plaintiff t]o make a prima facie case of *quid pro quo* harassment, [she] must show that (1) she was a member of a protected class; (2) she was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors; (3) the harassment was based on sex; and (4) her submission to the unwelcome advances was an express or implied condition for receiving job benefits or her refusal to submit resulted in a tangible job detriment. *Kauffman v. Allied Signal, Inc.,* 970 F.2d 178, 186 (6th Cir.), *cert. denied,* 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992).

*Cram v. Lamson & Sessions Co.,* 49 F.3d 466 (8th Cir.1995).[2] The defendant argues that plaintiff cannot prove the fourth element because there is no evidence that she suffered a "tangible job detriment" by refusing her supervisor's advances.[3]

The Court is aware of no authority holding that the "tangible job detriment" has to be economic in nature. On the other hand, the First Circuit has held that the requirement is met if the employee's reaction to the advances "affect[s] tangible aspects of ... her compensation, terms, *conditions, or privileges* of employment...." *Chamberlin v. 101 Realty, Inc.,* 915 F.2d 777 (1st Cir.1990) (emphasis added). The Sixth Circuit, in the case cited by the Eighth Circuit in *Cram v. Lamson, supra,* has also suggested that a tangible job detriment need not be economic. *Kauffman v. Allied Signal, Inc., supra,* at 186.

resulting in tangible job detriment to the employee. *Id.,* at n. 10.

It should perhaps be noted that the supervisor in question was the store manager, whose responsibilities included hiring and firing.

3. The Court assumes for the purpose of this order that the advances occurred as plaintiff has described them.

■ In the plaintiff's affidavit which accompanied her response to the summary judgment motion, she states that after she refused to have sex with her supervisor, despite his threat to fire her if she refused, he harassed her by making her job more difficult and by reprimanding her for doing things which other employees were allowed to do routinely. The Court concludes that plaintiff has articulated a "tangible job detriment" and therefore has made her prima facie case for *quid pro quo* harassment. The portion of defendant's summary judgment motion to the contrary should be, and hereby is, denied.

### A.2) *Sexual harassment-hostile work environment*

■ With regard to the defendant's assertion that plaintiff cannot prove a hostile workplace theory:

> To prevail on a sexual harassment claim, a plaintiff must show that (1) she belongs to a protected group, (2) she was subject to unwelcome sexual harassment, (3) the harassment was based on sex, (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment and failed to take proper remedial action.

*Hall v. Gus Construction Co., Inc.*, 842 F.2d 1010, 1013 (8th Cir.1988). The defendant argues that plaintiff cannot pass the fifth prong of the test because defendant reassigned the supervisor relatively quickly after having been informed of the offending conduct and because it had some sort of anti-harassment policy in place. Again, the Court must disagree.

■ "[T]he mere existence of a grievance procedure and a policy against discrimination" does not automatically insulate an employer from liability under a hostile work environment sexual harassment claim. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). As to defendant's prompt action of reassigning the supervisor in question, whether that action actually proved to be a satisfactory remedy is in dispute. The plaintiff has alleged that harassment against her continued even after her supervisor (the store manager) was reassigned. The defendant has suggested that any harassment of a sexual nature ended with the removal of plaintiff's supervisor. However, harassment of the plaintiff need not be of a sexual nature to be relevant. *Hall v. Gus Construction*, 842 F.2d at 1014.

The Court believes that the plaintiff has made her prima facie case on the hostile work environment claim and that entry of summary judgment against her on that claim would be inappropriate.

### B. *Retaliation*

■ Finally, the Court addresses that part of defendant's summary judgment motion wherein it argues that plaintiff is precluded from bringing a Title VII retaliation claim in this Court because it was not mentioned in the plaintiff's EEOC charge. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge...." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir.1994).

■ However, "related" matters, though not explicitly mentioned, are to be deemed part of the EEOC charge. "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are *like or reasonably related to the substance* of the charges timely brought before the EEOC." *Id.*, at 222 (emphasis added). Defendant argues that the EEOC charge only mentioned harassment by plaintiff's store manager and that the plaintiff should be precluded from maintaining a separate claim for retaliation.

As mentioned above, the test is whether retaliation suffered by plaintiff is "like or reasonably related" to the harassment claim included in the EEOC charge. *Williams, id.*, is helpful. In that case, a black woman filed a race charge, did not sue, then three years later filed a retaliation charge when she failed to get a promotion. In the latter charge filed with the EEOC, she claimed she did not get the promotion in retaliation for having filed the former (race) charge. The

latter charge made no mention at all of race. The trial court found this precluded the plaintiff from pursuing a Title VII race claim at trial.

In affirming Judge Woods, the Eighth Circuit found:

> Williams' claims of race discrimination [to be] separate and distinct from her claims of retaliation. Not only did Williams fail to check the box for race discrimination, her 1990 EEOC charge and supporting affidavit specifically and unambiguously alleged that [defendant] retaliated against her because she had filed a charge with the EEOC in January 1987. The 1990 EEOC charge does not even hint of a claim of race discrimination. This [determination] is the product of an unconstrained reading of Williams' charge.

*Williams*, 21 F.3d at 223.

In the instant case, the plaintiff checked the box labeled "sex" but not the one marked "retaliation." In the box captioned "date discrimination took place" plaintiff typed "07/12/93" as the date of the earliest incident and "09/27/93" as the date of the latest, though she also checked the box labeled "continuing action."

In the space offered for plaintiff to describe in her own language the "particulars" of her claim(s), she wrote:

> I was employed in August, 1991, as a Scanning Coordinator. I have performed my job well. On or about July 12, 1993, I was sexually harassed and harassed by the Store Manager. He continued to sexually harass and harass me until September 27, 1993. I reported it to the District Manager, but the Store Manager never really stopped.
>
> I believe that I was sexually harassed and harassed because of my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

It could be argued that checking the box marked "continuing action" and repeatedly mentioning harassment other than, and in addition to, sexual harassment would suggest enough ambiguity to warrant reading the document broadly enough to allow plaintiff to maintain her retaliation claim. However, the Court concludes otherwise. The Court finds that an "unconstrained reading" of plaintiff's charge permits only one reasonable inference; that plaintiff was referring to the harassment of the store manager which "continued" during the window of July 12 to September 27, 1993, and concluded shortly before he was reassigned. Thus, defendant's motion for summary judgment on plaintiff's retaliation claim is granted.

### V. *Summary*

To summarize, the defendant's summary judgment motion is granted as to plaintiff's § 1983 claim and plaintiff's Title VII retaliation claim. It is denied in all other respects.

IT IS SO ORDERED.