# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1116

_____

| | | |
|---|---|---|
| Estella J. Dunn, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Installation Technicians, Inc.; GTE | * | Western District of Missouri |
| Midwest, | * | |
| | * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted:    November 5, 1999

Filed:    December 6, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Estella Dunn appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon jury verdicts for defendants in her equal pay and employment discrimination action. For reversal, Dunn raises challenges to the exclusion of evidence on one of her claims, the composition of the jury, the jury instructions, and various other matters. For the reasons discussed below, we affirm.

_____

[1] The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

We first conclude the district court correctly granted defendants' motion in limine to exclude evidence as to Dunn's wrongful-termination claim. See Nichols v. American Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir. 1998) (reviewing de novo district court's ruling on proper reach of Title VII claim, and for abuse of discretion grant of motion in limine). Dunn's administrative charge of discrimination related only to wage discrimination, and her federal complaint allegations of wrongful termination were not sufficiently related to her administrative charge to be considered encompassed within it. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222-23 (8th Cir. 1994). Second, we reject Dunn's jury-composition argument, as she did not object to the jury venire panel from which the jury was selected, and her peremptory challenges were available to strike jurors she felt would be biased. See 28 U.S.C. § 1870 (party may exercise three peremptory challenges). Third, Dunn's instructional-error argument fails because she failed to raise an objection in the district court. See Fed. R. Civ. P. 51 (party must object to jury instructions before jury retires to consider its verdict); Keeper v. King, 130 F.3d 1309, 1315 (8th Cir. 1997) (party must state matter objected to and grounds of objection on record to preserve jury-instruction argument for appellate review). No plain error occurred. Last, we construe Dunn's remaining arguments as asserting bias on the district judge's part, and we reject this claim as meritless and unsupported.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.