# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1200WA

_____

| | | |
|---|---|---|
| Shirley Syrus, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Western District |
| | * | of Arkansas. |
| Harborview Mercy Psychiatric | * | |
| Hospital, | * | [Not To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 11, 2001

Filed: July 26, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Shirley Syrus appeals the District Court's[1] adverse grant of summary judgment in her race, disability, and religious discrimination case against Harborview Mercy Psychiatric Hospital, her former employer. Syrus was terminated after she violated her employer's policies several times during her ninety-day probationary period.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

We agree with the District Court that Ms. Syrus's claims of religious and disability discrimination were barred because she failed to exhaust her administrative remedies as to both claims. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222-23 (8th Cir. 1994) (prior to filing federal lawsuit, Title VII plaintiff must exhaust administrative remedies by filing timely EEOC charge and receiving notice of right to sue; plaintiff will be deemed to have exhausted administrative remedies as to allegations that are like or reasonably related to substance of charge). As to the race discrimination claim, which was administratively exhausted, we see nothing in the record tending to show that Harborview's legitimate nondiscriminatory reason for terminating Ms. Syrus was pretextual. Thus, the District Court properly rejected this claim on its merits. See Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1108-09 (8th Cir. 1998). The Court also did not abuse its discretion in refusing to appoint counsel. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review; relevant factors).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-