# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

––––––

No. 03-6050 WM

––––––

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Jean Paul Richele, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Wood & Huston Bank, | * | |
| | * | Appeal from the United |
| Plaintiff - Appellee. | * | States Bankruptcy Court |
| | * | for the Western District of |
| v. | * | Missouri |
| | * | |
| Bank of America; | * | UNPUBLISHED |
| | * | |
| Defendant, | * | |
| | * | |
| Christine Richele; | * | |
| | * | |
| Defendant - Appellant, | * | |
| | * | |
| Danny Nelson, Chapter 7 Trustee, | * | |
| | * | |
| Defendant. | * | |

––––––

Submitted: October 20, 2003
Filed: November 20, 2003

––––––

Before SCHERMER, DREHER and MAHONEY, Bankruptcy Judges.

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated July 15, 2003, which awarded $2,600 in attorney fees to the Appellee, Wood & Huston Bank ("the Bank"), recoverable from the estate and Appellant, the Debtor's ex-spouse Christine Richele ("Richele").  For the reasons stated below, we affirm.

FACTUAL BACKGROUND

Debtor commenced his Chapter 7 case on December 9, 2002.  After commencement of the case, as a precautionary measure, the Bank filed an adversary complaint on December 20, 2002, seeking a judicial determination of the extent, validity, and priority of liens on Debtor's real property ("the property").  The Bank's complaint did not plead a request for attorney fees.  The complaint was prompted by the Bank's belief that Richele intended to sue the Bank for release of its lien and for damages that she alleged she incurred as a result of the Bank's continued assertion of a lien against the property.  Richele answered the complaint alleging that the Bank's lien was void.  The Chapter 7 Trustee answered, filed a counter-claim against the Bank also seeking to avoid its lien, and a cross-claim against Richele for a determination that her lien was void as a preferential transfer.

At the pre-trial conference the parties agreed to submit the issues to the bankruptcy court by way of a stipulation of facts with exhibits and legal briefs rather than proceed to trial. In its opening brief, the Bank requested  that the bankruptcy court "enter judgment in its favor and against Christine Richele, finding and ordering that the Bank is the holder of a second-priority lien on the Property, and awarding the Bank its reasonable attorneys fees and costs pursuant to the provisions of the December 1998 Deed of Trust."  The December 1998 Deed of Trust, including sections 14, 19(f), 23 and 27, provides the Bank with the right to recover any fees and

---

[1]The Honorable Arthur B. Federman, Chief United States Bankruptcy Judge for the Western District of Missouri.

costs, including attorneys fees, incurred in connection with efforts to protect its lien on the property.

Richele, in her reply brief, responded to the Bank's request for attorney fees as follows: 1) the Bank's complaint did not state a claim for attorney fees; 2) that the statement of facts is insufficient for the bankruptcy court to make a determination on the issue of attorney fees; 3) that the Bank had made no showing as to the amount or reasonableness of its fees and costs; 4) that the December 1998 Deed of Trust was a "Contract of Adhesion" and; 5) that any determination as to the amount of fees to be awarded would require an evidentiary hearing.

On April 14, 2003, the bankruptcy court entered an order finding in favor of the Bank and awarded it attorney fees, contingent upon the filing of an application for fees by the attorneys for the Bank. The Bank's attorneys submitted a fee application which itemized the attorney fees. In response, Richele filed an objection to the application re-asserting that she had defenses to the award of attorney fees against her, but she did not contest the reasonableness of the fees. On July 15, 2003, the bankruptcy court granted the Bank's application for compensation and Richele filed a timely appeal to that order.

## STANDARD OF REVIEW

Implicit in the bankruptcy court's April 14 order and its July 15 order is a grant by the bankruptcy court of the Bank's request to consider the award of attorney fees. In so doing, the bankruptcy court granted the Bank leave to amend the complaint. The applicable standard of review of the grant of leave to amend is whether the bankruptcy court abused its discretion. Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.), 130 F.3d 309, 322 (8th Cir. 1997). Typically, leave to amend pleadings should be liberally granted unless the Bank does not have at least colorable grounds for relief, or is guilty of undue delay, bad faith, dilatory motive, or if permission to

amend would unduly prejudice Richele. *See* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 224 (8th Cir. 1994).

DISCUSSION

Richele makes two arguments on appeal. First, she argues that the bankruptcy court erroneously awarded fees to the Bank contrary to Federal Rule of Bankruptcy Procedure 7008 since a request for an award of attorney fees must "be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." FED. R. BANKR. P. 7008(b). Second, she also argues that attorneys fees constitute "special damages" and as such must be specifically pled. *See, e.g.* <u>National Liberty Corp. v. Wal-Mart Stores, Inc.</u>, 120 F.3d 913, 916 (8th Cir. 1997)(holding that attorney's fees are "special damages" that parties are required to plead under Rule 9(g) of the Federal Rules of Civil Procedure).[2] Since the Bank failed to include a request for attorney fees in its complaint, Richele concludes, the bankruptcy court abused its discretion in awarding fees to the Bank.

The Bank counters by alleging that Richele failed to make these arguments to the bankruptcy court and therefore waived them on appeal. "The general rule is that an appellate court will not consider an issue not raised in the trial court except where the obvious result would be a miscarriage of justice or where failure to consider the issue would be inconsistent with substantial justice." <u>Estate of Vak v. C.I.R.</u>, 973 F.2d 1409, 1412 (8th Cir. 1992). We disagree that Richele failed to make these arguments to the bankruptcy court. In her reply brief she argued that she would have asserted various defenses to the Bank's request for attorney fees had the Bank

---

[2]Federal Rule of Civil Procedure 9(g) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009.

4

"initially pled an entitlement to attorney fees." This argument to the bankruptcy court by Richele was sufficient to preserve the issue on appeal.

Despite the deficiency in the Bank's pleadings, however, the bankruptcy court did not abuse its discretion in awarding attorney fees to the Bank. The "[f]ailure to plead special damages can be cured by amendment of the pleadings." National Liberty Corp., 120 F.3d at 916. Federal Rule of Civil Procedure Rule 15(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

FED. R. CIV. P. 15(b).

The Bank raised the issue of attorney fees in its intial brief and offered to formally amend its complaint if the bankruptcy court deemed such amendment necessary to address the Bank's request. In her reply brief, Richele argued against the award of attorney fees, requested an evidentiary hearing on the issue, and raised the defense that the fee provisions in the contract are an unenforceable contract of adhesion. Although not specifically addressed in either the bankruptcy court's April 14 order or its July 15 order, the awarding of attorney fees constituted a grant of leave to amend to conform to the evidence.

5

"[A] Rule 15(b) amendment to conform with the evidence requires some level of consent by both parties." <u>Gray v. Bicknell</u>, 86 F.3d 1472, 1482 (8th Cir. 1996). By addressing the issue in her brief, and later arguing against the allowance of the fees, Richele sufficiently consented to the amendment. In addition, as part of its April 14 order, the bankruptcy court eliminated any prejudice to Richele in allowing the amendment by requiring the Bank to file an application for attorney fees and allowed Richele the opportunity to object to the fees. Richele again objected to the fees, although not to the reasonableness of the fees, and presented a number of arguments to the bankruptcy court, but her arguments were rejected. Therefore, the bankruptcy court, after full and fair consideration of the merits, did not abuse its discretion in considering the issue of attorney fees as part of the Bank's complaint and in awarding the Bank its fees.

ACCORDINGLY, we affirm.

A true copy.

Attest:

      CLERK, U.S. BANKRUPTCY APPELLATE PANEL
      FOR THE EIGHTH CIRCUIT