# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3126

———————

Charles Pointer,                                    *
                                                    *
            Plaintiff-Appellant,                    *
                                                    *   Appeal from the United States
      v.                                            *   District Court for the
                                                    *   Eastern District of Missouri.
Missouri Department of Corrections,                 *
                                                    *            [UNPUBLISHED]
            Defendant-Appellee.                     *

———————

Submitted: June 14, 2004
Filed: July 7, 2004

———————

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Charles Pointer appeals *pro se* the district court's[1] entry of summary judgment in favor of the Defendant, Missouri Department of Corrections (the "Department"), on his claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Pointer, who is African-American, alleged that the Department denied him employment as a corrections officer on account of his race. The district court determined that Pointer failed to exhaust his administrative remedies, and also

———————

[1]The Honorable Stephen M. Limbaugh, United States District Judge for the Eastern District of Missouri.

found in the alternative that Pointer could not establish a *prima facie* case of racial discrimination. We affirm.

As this court has previously explained,

[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue.

Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (internal citation omitted).

In this case, Pointer did file a formal charge of discrimination with the EEOC and was granted the right to sue. The claim that Pointer was permitted to pursue, however, was not one of race discrimination. Instead, the record clearly demonstrates that Pointer alleged, and was given the right to sue on, a claim of age discrimination. At no point did Pointer allege any facts sufficient to put either the EEOC or the Department on notice of the claim he now raises, nor did he check the box for race discrimination contained on his formal charge. Although charges of discrimination filed by *pro se* litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised. See Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996); Williams, 21 F.3d at 223.

Accordingly, the judgment of the district court is AFFIRMED.

_____

-2-