**In re PEMBERTON PUB, INC., Debtor.**

**Bankruptcy No. 81–0211–HL.**

United States Bankruptcy Court,
D. Massachusetts.

March 31, 1983.

Daniel Carragher, Widett, Slater & Goldman, Boston, Mass., for debtor.

John Gilbert, Boston, Mass., for Com. of Mass., Dept. of Revenue.

## MEMORANDUM AND ORDER ON CLAIM OF THE COMMONWEALTH OF MASSACHUSETTS

HAROLD LAVIEN, Bankruptcy Judge.

The Commonwealth of Massachusetts has filed a corporate excise tax claim in total amount of $6,060.97. The claim states that the taxes are pursuant to Mass.Gen.Laws

ch. 63 for the tax periods from 1976 to 1981 and further states that this is a priority claim under 11 U.S.C. § 507(a)(b). The debtor initially objected to both priority and amount. At a hearing on February 8, 1983, the debtor withdrew its objection to the amount. The parties were given an opportunity to file briefs on the issue of priority.

■■■ The debtor argues that the Commonwealth is not entitled to priority for the years 1976 and 1977. Mass.Gen.Laws ch. 63, § 32 is an excise tax and is entitled to priority pursuant to 11 U.S.C. § 507(a)(6)(E). That section provides that priority is given to claims of governmental units for:

an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition.

Mass.Gen.Laws ch. 62C, § 11 provides that a corporation subject to taxes imposed under ch. 63 shall file its tax return "on or before the fifteenth day of the third month following the close of the taxable year." The issue before the court is whether the three years would run even though the taxpayer filed no tax returns. The Commonwealth cites the case of *Pan American Van Lines v. United States,* 607 F.2d 1299 (9th Cir.1979). That case interpreted the 1898 Bankruptcy Act, 11 U.S.C. § 35(a) (repealed) which provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years proceeding bankruptcy * *."

11 U.S.C. § 35(a)(1) (1979).

The court held that the language "legally due and owing" in § 17(a) meant the date the return was originally due not the date it was filed. *See also Matter of Di Vincenzo,* 1 B.R. 528 (Bkrtcy.S.D.N.Y.1979) (tax became legally due and owing on date return was required to be filed, not date on which debtor filed late return.) Although these cases apply to the dischargeability of the tax claim not the priority, they provide a useful insight into Congressional intent.

The legislative history of section 507 sheds some light on the necessary interpretation:

"The bill recognizes that the tax law places numerous restrictions on the collection of taxes. These limitations, which do not encumber private creditors, often complicate the collection of prepetition taxes. S. 2266 also recognizes that tax collection rules for bankruptcy cases have a direct impact on the integrity of Federal, State and local tax systems. To the extent that debtors in bankruptcy are freed from paying their tax liabilities, the burden of making up the lost revenues must be shifted to other taxpayers.

A three-way tension thus exists among (1) general creditors, who should not have the funds available for payment of debts exhausted by an excessive accumulation of taxes for past years; (2) the debtor, whose "fresh start" should likewise not be burdened with such an accumulation; and (3) the tax collector, who should not lose taxes which he has not had reasonable time to collect or which the law has restrained him from collecting.

In balancing these interests, S. 2266 gives governmental units a priority claim on assets of a debtor's estate for certain taxes which have not grown so "stale" as to constitute an unjustifiable burden on general unsecured creditors (who may have extended new credit to the debtor since the tax liability arose). To avoid unduly burdening the debtor's fresh start, the bill, with some exceptions, continues the basic coordination of priority and discharge provisions in the case of taxes.

In general, the bill retains two important priority rules of present bankruptcy law: first, for tax claims for which the tax return was due not more than three years before the bankruptcy petition was filed, and second, for taxes collected or

withheld from others, such as withheld income taxes and the employees' shares of social security taxes, regardless of the due date of the return.

Report of the Committee on Finance, United States Senate, S.Rep. No. 1106, 95th Cong., 2nd Sess. (1978) 5. Both the legislative history and § 507 refer to the due date as the operative date. Nothing in the legislative history indicates that the operative date should change because the debtor failed to file a return. In fact, the Commonwealth has had over three years to collect these taxes. I find that the three year period started to run from the date the returns were due. Since the debtors tax returns for 1976 and 1977 would have been due more than three years before the petition was filed,[1] the excise taxes for those years are not within the priority and will be allowed as general unsecured claims.

The Commonwealth will be allowed a priority claim of $2,950.01 and an unsecured claim of $3,110.96, the latter being the Corporate excise tax for 1976 and 1977.

1. No evidence was presented as to the date of the close of the debtor's taxable year. However, even if the date was December 31st for the year 1977, the tax return would have been due on April 15th, 1978. The debtor filed its petition on November 21, 1981. Therefore, the 1977 return would have been due more than three years before the date of the filing of the petition.