Shirley A. WILLIAMS, Plaintiff,

v.

LITTLE ROCK MUNICIPAL WATER WORKS, Defendant.

No. LR–C–92–3.

United States District Court, E.D. Arkansas, Western Division.

April 8, 1993.

Ronald C. Wilson, Perkins, Wilson & Associates, West Memphis, AR, for plaintiff.

Shirley A. Williams, pro se.

Kathlyn Graves, Wright, Lindsey & Jennings, Little Rock, AR, for defendant.

### ORDER

HENRY WOODS, District Judge.

There are several pending motions in this employment discrimination suit. The plaintiff has moved to amend her complaint, to

continue the trial setting, and to compel discovery. The defendant has moved for partial summary judgment and for sanctions.

As an initial matter, the Court notes that this case has been continued twice, and the discovery deadline extended on another occasion. The motion to continue is denied. Furthermore, it is too late to permit an amendment adding defendants who, heretofore, have had no notice of the suit. The motion to amend the complaint is also denied.

The defendant has declined to make responses to discovery requests because the requests were not propounded in time for the responses to be due before the discovery cutoff. The plaintiff seeks an order from this Court compelling the defendant to respond. The express reason for a discovery cutoff is to avoid last minute discovery disputes, the very situation now before the Court. The parties have had ample time and opportunity for discovery; there have been three discovery cutoff dates since the lawsuit was filed, including one extension at the plaintiff's request. The motion to compel discovery is denied.

In its motion for partial summary judgment, the defendant seeks dismissal of the plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 and limitation of her Title VII claim to that of retaliation. The defendant's motion must be granted. Title VII affords the plaintiff her only remedy in this employment discrimination case in light of the denial of her motion to amend her complaint. Furthermore, the plaintiff's Title VII claim is limited, by law, to discrimination claims related to her EEOC charge of retaliatory failure to promote and award a merit pay raise.

The Motion for Sanctions is taken under advisement. If the plaintiff has not complied with this Court's orders to provide discovery responses by the beginning of the trial, the lawsuit may be dismissed as a sanction.

Accordingly, the plaintiff's Title VII claim of unlawful retaliation will be tried before the Court as scheduled. The defendant's motion for partial summary judgment is granted; the defendant's motion for sanctions is taken under advisement; the plaintiff's motion to continue is denied; the plaintiff's motion to amend is denied; the plaintiff's motion to compel and shorten time is denied. The Clerk is directed to remove from the list of pending motions plaintiff's motion for reconsideration and motion to withdraw, because those motions are now moot.

IT IS SO ORDERED.