**In re Harriet BOURQUE, Debtor.**

**Harriet BOURQUE, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America; Internal Revenue Service, Defendants–Appellees.**

**No. 1709, Docket 96–5122.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 7, 1997.

Decided Aug. 27, 1997.

James B. Anderson and John A. Serafino, Ryan Smith & Carbine, Ltd., Rutland, VT, for Plaintiff–Appellant.

Loretta C. Argrett, Assistant Attorney General; Gary D. Gray and Sarah K. Knutson, Department of Justice, Washington, DC (Charles R. Tetzlaff, United States Attorney, of counsel), for Defendants–Appellees.

Before: CALABRESI and PARKER, Circuit Judges, and McCURN, District Judge.*

CALABRESI, Circuit Judge.

Following a seven-year battle with cancer, Harriet Bourque's husband died and left her with slightly more than $108,000 in life insurance proceeds. Mrs. Bourque was also left with substantial liabilities for tax deficiencies that were incurred during the last years of her husband's life. The IRS filed several notices of tax lien against her property, the most significant parts of which are the life insurance proceeds. Two such notices are the subject of this appeal.

## I.  Background

The facts of this case are not in dispute. On February 7, 1994, the IRS filed a notice of tax lien dated January 29, 1994, in the amount of $36,305.46. That notice reflected liens resulting from the Bourques' tax deficiencies for the years 1986 through 1991.[1] Eight days later, the IRS filed a second notice, also dated January 29, 1994, this one in the amount of $39,677.03. It was duplicative of the first notice, except that it included an additional $3,371.57, which Bourque owed for 1992.

Bourque seeks to exercise the trustee's powers under sections 522(h)–(i) and 544(a) of the Bankruptcy Code, 11 U.S.C. §§ 522(h)–(i), 544(a), to avoid those liens and preserve the life insurance proceeds—which are exempt from bankruptcy creditors—for the estate.[2] She argues that, because the IRS filed two notices of the same liens, the liens themselves are not "a tax lien, notice of which is properly filed." Hence, the liens are avoidable. The IRS counters that there is no statutory prohibition against the filing of multiple notices, and contends that the liens remain valid regardless of the number of notices it files. It does not, of course, seek to collect twice on the same deficiency.

The bankruptcy court granted summary judgment on behalf of the IRS on the ground that the tax regulations implicitly authorize it to file multiple notices, and the district court affirmed. We agree, and similarly affirm.

## II.  Discussion

■  Bourque argues that the IRS violated the plain language of the Internal Revenue Code ("I.R.C.") when it filed duplicative lien notices. Specifically, she points to sections of the I.R.C. providing that when an individual fails to pay her tax liability, the amount owed "shall be a lien in favor of the United States," 26 U.S.C. § 6321, and that such a lien shall not be valid against third-party creditors unless the IRS files notice of it in accord with I.R.C. § 6323(f), see id. § 6323(a). Bourque argues on appeal that by using the term "lien" in the singular rather than "liens" in the plural, Congress authorized the IRS to "file" one and only one tax lien for each annual income tax delinquency. Hence, she claims, the IRS exceeded its statutory authority when it filed a "duplicative tax lien."

■  As the bankruptcy court pointed out, Bourque's argument, though clever, is flawed. It confuses the statutory provisions regarding the placement of a tax lien with those describing what actions the IRS must take in order to provide notice of such a lien. Under § 6321, a single lien in favor of the United States is created *automatically* whenever a tax delinquency occurs. The lien exists and is enforceable against the taxpayer regardless of whether the IRS chooses to file notice of it. Notice has its own quite different function. It neither creates the deficiency nor confirms the underlying liability, but is needed instead solely to establish the IRS' priority against third-party creditors. *See* 26 U.S.C. § 6323(a) (a tax lien is not valid

---

* The Honorable Neal P. McCurn, Senior District Judge of the United States District Court for the Northern District of New York, sitting by designation.

1. Although one tax lien is created for each year in which a deficiency occurs, Bourque concedes that the IRS is entitled to file a single notice encompassing multiple years of tax liability.

2. Under § 522(c)(2)(B) of the Bankruptcy Code, life insurance proceeds are exempt and liens against them are generally avoidable. "[A] tax lien, notice of which is properly filed," is effective against exempt property, however, and may not be avoided. 11 U.S.C. § 522(c)(2)(B).

against third parties unless the IRS files proper notice of it); *see also* 11 U.S.C. § 522(c)(2)(B) (a tax lien is subject to avoidance in bankruptcy unless notice is properly filed). It follows that the fact that the word "lien" is used in the singular to explain its automatic creation tells us nothing about whether multiple notices are or are not permitted.

The parties point to nothing in the I.R.C. that explicitly authorizes the filing of multiple notices of the same lien in rapid succession. Nor does our independent review of the code reveal any such provision. But, while there is no direct authority for multiple filings in the I.R.C., neither is there any prohibition of them. In addition, as the bankruptcy court held, at least two sections in the Code of Federal Regulations clearly presuppose the existence of multiple notices for a single tax lien.

First, the regulations provide:

If a notice of lien is not refiled, and if the lien remains in existence, the Internal Revenue Service may nevertheless file a new notice of lien either on the form prescribed for the filing of a notice of lien or on the form prescribed for refiling a notice of lien. This new filing must meet the requirements of section 6323(f) and § 301.6323(f)–1 and is effective from the date on which such filing is made.

26 C.F.R. 301.6323(g)–1(a)(4). Under this provision, the IRS is authorized to file a new notice of an existing lien at any time, regardless of whether the notice takes the form of an original notice or a "refiling." Thus, the regulation suggests that the IRS was not, in this case, required to file the second notice as an amendment to the first, and that it is irrelevant that the later one took the form of an original notice rather than of a refiling.

Second, and more persuasive, the regulations state:

In the event that two or more notices of lien are filed with respect to a particular tax assessment, the failure to comply with [the requirements for proper refiling] in respect of one of the notices of lien does not affect the effectiveness of the refiling of any other notice of lien.

26 C.F.R. § 301.6323(g)–1(a)(1). This provision governs situations where the IRS has previously filed multiple notices of a lien, but fails to refile (i.e., renew) one of them in accord with 26 U.S.C. § 6323(g). It states that either of two duplicative notices remains valid should the other expire. But this entails that both must have been valid simultaneously prior to the event rendering one invalid. Thus, the regulation clearly assumes the existence of multiple filings, all of which fulfill the statutory requirements and each of which establishes the government's priority with respect to other creditors.

Because a statutory lien arises automatically whenever a tax deficiency occurs, and because the regulations presuppose the existence and validity of multiple notices of lien, we conclude both that the IRS does not exceed its authority when it files duplicative notices, and that such notices do not affect the validity of the lien itself or undercut the government's position with respect to other creditors.

The judgments of the district and bankruptcy courts are affirmed.