**In re Jerl Dean MOORE.**

**Jerl Dean MOORE, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE,
United States of America,
Defendant.**

**Bankruptcy No. 96–41532 S.
Adversary No. 97–4097.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 13, 1997.

been discharged.

Howard Martin, Cabot, AR, for Plaintiff.

Raymond Mulera, Washington, DC, for Defendant.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several pending motions, including,

(1) the United States Motion for Summary Judgment, filed on October 21, 1997, to which the defendant responded on November 4, 1997;

(2) the debtor's Motion to file a second amended complaint, filed on November 4, 1997; and

(3) the debtor's Motion for Continuance, filed on November 4, 1997.

The debtor filed this complaint seeking a determination that his federal income tax liability is subject to discharge in this bankruptcy case. The material facts of the case are not in dispute. The debtor timely filed his federal income tax returns for 1993, 1994, and 1995, but did not pay all of the amounts due on the returns.[1] The United States recorded a Notice of Federal Tax Lien as to the 1993 taxable year and thus filed a secured claim in this bankruptcy case for that year. The amended complaint requests that the Court determine that the federal income taxes are dischargeable on the basis of undue hardship.

### The United States Motion for Summary Judgment

The United States moved for summary judgment based upon the stipulation in the Preliminary Pretrial Statement and the pleadings in this case, asserting that the taxes constitute a priority claim such that the taxes are, as a matter of law, nondischargeable. The debtor responds that since the debtors timely filed the returns, they are dischargeable. Specifically, the debtor asserts that the taxes are not entitled to priority treatment because (1) they are not for withholding or a "recently incurred" tax; and (2) they are more than three years old. The

---

1. The returns were filed jointly with his wife who died after the filing of this bankruptcy case.

debtor does not dispute (indeed, he asserts) that the tax returns were timely filed for the 1993, 1994, and 1995 taxable years. The voluntary bankruptcy petition was filed on April 19, 1996.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company*, 849 F.2d 1269, 1273 (10th Cir.1988). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

Priority taxes are listed in section 507(a)(8)[2] of the Bankruptcy Code and are nondischargeable in bankruptcy under section 523(a)(1)(A).[3] Section 507(a)(8) provides in pertinent part:

(a) The following expenses and claims have priority in the following order:

\* \* \*

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i). Thus, if a federal income tax return was timely filed within the three years prior to the bankruptcy, the taxes for that year are entitled to priority treatment and, under section 523(a)(1), are nondischargeable.

■ The federal income tax returns for the 1993, 1994, and 1995 taxable years were timely filed without extension such that they were last due on April 15, 1994, April 17, 1995, and April 15, 1996, respectively. This bankruptcy case was filed on April 19, 1996. Thus, each of the returns for the taxable years in dispute were due after three years before the date of the filing of the petition, *i.e.*, within the three years before the date of the petition, such that they are entitled to priority treatment. *Doss v. United States (In re Doss)*, 42 B.R. 749, 753 (Bankr. E.D.Ark.1984). Section 523(a) provides, without exception, that such taxes are nondischargeable.

The debtor first argues that the taxes in question are not entitled to priority because they are not for withholding. The Bankruptcy Code does not limit nondischargeability of taxes to withholding taxes. While it is true that there is a separate provision for the priority, and thus, nondischargeability of withholding taxes, 11 U.S.C. §§ 507(a)(8)(C); 523(a)(1)(A), there is also, as analyzed above, a separate provision for the priority, and thus, nondischargeability of certain federal income taxes, 11 U.S.C. §§ 507(a)(8)(A); 523(a)(1)(A). Since the Bankruptcy Code provides for the nondischargeability of these federal income taxes, the assertion that debtor's tax liability is not for withholding is irrelevant.

Second, the debtor asserts that the taxes are not subject to priority because they are not "recently incurred." While the debtor does not define "recently incurred," the Bankruptcy Code establishes the time frame

**2.** Prior to October 1994, taxes were assigned a seventh priority. The Bankruptcy Reform Act of 1994, Pub.L. 103–394, 1008 Stat. 4106 (1994), added a new seventh priority for child and spousal support debts; taxes thus became eighth in the list of priorities.

**3.** Section 523(a)(1)(A) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

for priority and dischargeability. Since section 508(a)(8)(A) provides that taxes for which a return was due within the three years prior to the filing of the case, or assessed within the 240 days prior to the filing of the bankruptcy case, are priority taxes, the Code effectively defines "recent." There is no authority for redefining or limiting these time periods. Since the Bankruptcy Code provides that federal income taxes for which a return was due within the three years prior to bankruptcy are nondischargeable, the debtor's vague assertion that the taxes are not "recent" is not material to the determination of dischargeability.

Similarly, the debtor's assertion that "tax debts more than three (3) years old are dischargeable" is without merit. The debtor states no point of reference for his implication that the tax debts are more than three years old. However, the Bankruptcy Code provides for the determination of priority and nondischargeability of income taxes with reference to the date the return is last due. 11 U.S.C. § 507(a)(8)(A)(i). Accordingly, under this frame of reference, the taxes are *less* than three years old, not, as debtor asserts, more than three years old.

 Debtor seeks a dischargeability determination based upon hardship since, he asserts, his monthly income barely exceeds his monthly expenses. While this may be a true statement of fact, it is not a material fact. Although this Court is a court of equity, it may not use its equitable power to circumvent the law. *Carlson v. United States (In re Carlson)*, 126 F.3d 915, 919–20 (7th Cir.1997). The Bankruptcy Code expressly provides for the priority and nondischargeability of these federal income taxes, and creates no exception in the chapter 7 context for hardship or any other equitable grounds. Even in chapter 13, which has a separate provision for dischargeability based upon "undue hardship," 11 U.S.C. § 1328(c)(2), priority taxes are not discharged unless paid in full. *In re Jalufka*, 184 B.R. 562 (Bankr.E.D.Ark.1995)(unpaid priority taxes are not discharged by a Chapter 13 hardship discharge); *see In re Taylor*,

81 F.3d 20, 23 n. 8 (3d Cir.1996). Since the priority and dischargeability status of the taxes is mandatory under the Bankruptcy Code, this Court has no authority to discharge debtor's priority tax liability, even upon proof of hardship. *Cf. In re Carlson*, 126 F.3d 915, 919–20 (7th Cir.1997).

The United States has filed a motion for summary judgment which establishes, under the pleadings and stipulations, the material facts necessary for adjudication of this adversary proceeding, to wit the date the returns were due and the date of the petition in bankruptcy. Since the taxes were due within the three years prior to the filing of the petition, the taxes are entitled to priority status and are nondischargeable. Inasmuch as there are no material factual issues for trial, and the Bankruptcy Code does not provide for a hardship exception to the nondischargeability of these income taxes, the United States is entitled to judgment as a matter of law.

### The Debtor's Motion to Amend

At the same time he responded to the motion for summary judgment, the debtor filed a motion to amend his complaint. The proposed second amendment states facts and theories similar to the amended complaint, merely adding two factual allegations and one request for relief. The proposed complaint alleges that the taxes due are Federal Insurance Contribution Act ("FICA") taxes for the 1992, 1993, 1994, and 1995 taxable years and adds the request that should the taxes be discharged, in full or in part, that the federal tax lien be "eliminated."

 Although amendments to pleadings are to be liberally permitted, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), there is no cause to allow an amendment which would be futile. *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 225 (8th Cir.1994), *aff'g* 155 F.R.D. 188 (E.D.Ark.1993). In the instant case, although the debtor proposes to plead that the liability consists of FICA taxes, such an amendment does not make the taxes dischargeable.[4] Since FICA taxes are

---

**4.** The debtor also indicates that the taxes are not

withholding taxes. That is, the liability is not for

measured by wages, *see generally* 26 U.S.C. § 3101, this amendment does not alter the analysis stated above such that the taxes are priority and nondischargeable.

 Second, although the proposed amendment adds the tax year 1992, the separate listing of federal income taxes in the complaint does not assert that there are in fact unpaid taxes for the 1992 taxable year. The amended complaint, the current pleading before the Court, itemizes the taxes that are due for the 1993, 1994, and 1995 taxable years, with a total of $15,931.46. The proposed second amended complaint lists those same amounts, for the same years, with a total of $15,931.46, and does not list any taxes due for 1992. Thus, the proposed allegation that the United States is a creditor with regard to 1992 does not in fact add any new issues to this adversary proceeding and the proposed factual amendment is without purpose.[5]

Finally, the debtor seeks to amend the complaint to request that, if the taxes are discharged in full or in part, the lien should be eliminated. Since the taxes are nondischargeable, this amendment, too, is without purpose. Second, even were the taxes dischargeable, there is no basis for eliminating, or otherwise avoiding, the federal tax lien. Rather, the Bankruptcy Code expressly provides that the tax lien continues to attach to all property of the debtor held on or before the filing of the petition in bankruptcy. 11 U.S.C. § 522(c)(1), (c)(2)(B). *Accord Bourque v. United States (In re Bourque),* 123 F.3d 705, 706 n. 2 (2d Cir.1997); *Sills v. United States (In re Sills),* 82 F.3d 111, 113 n. 3 (5th Cir.1996). *Cf. Kuebler v. United States,* 172 B.R. 595 (E.D.Ark.1994).

*Conclusion*

Inasmuch as the federal income taxes at issue are nondischargeable in this bankruptcy case, the United States is entitled to judgment as a matter of law on the amended complaint. Further, the debtor has not proposed any amendments to his complaint which state a claim for which relief could be granted. Accordingly, it is

**ORDERED** as follows:

(1) the United States Motion for Summary Judgment, filed on October 21, 1997, is GRANTED.

(2) the defendant's Motion to File a Second Amended Complaint, filed on November 4, 1997, is DENIED.

(3) the debtor's Motion for Continuance, filed on November 4, 1997, is DENIED as moot.

(4) trial, scheduled for November 19, 1997, is removed from the calendar.

**IT IS SO ORDERED.**

---

a tax taxes required to be withheld from some other person. Rather, the taxes relate to the debtor's earnings.

5. If there are in fact federal taxes owed for the 1992, and there is a good faith basis for asserting their dischargeability, this Order does not preclude the filing of a complaint to determine the dischargeability. The allegations of the proposed second amended complaint, however, do not state a claim for which relief may be granted with regard to the 1992 taxable year.