**Martin Ramos DELGADO, Debtor.**

**Martin Ramos Delgado, Appellant,**

**v.**

**Roberto J. Sanchez Ramos, Secretary of Justice, Appellee.**

**BAP No. 06–024.**

**Bankruptcy No. 05–01539–GAC.**

United States Bankruptcy Appellate Panel of the First Circuit.

Dec. 18, 2006.

Victor Gratacos–Diaz, Esq., on brief for Appellant.

Mariana Negrón Vargas, Esq., and Maria Mercedes Figueroa y Morgade, Esq., on brief for Appellee.

Before VOTOLATO, KORNREICH, and SOMMA, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

Martin Ramos Delgado, as the debtor in a case under Chapter 13 of the Bankruptcy Code, appeals from an order overruling his objection to a proof of claim filed by the Commonwealth of Puerto Rico and, more specifically, to the Commonwealth's claim of priority under 11 U.S.C. § 507(a)(8)(A)(i) as to income taxes for calendar year 2001. For the reasons set forth below, we affirm.

## I. *BACKGROUND*

On February 24, 2005, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Commonwealth of Puerto Rico, by its Treasury Department, filed a proof of claim in the case in the total amount of $51,133.74. The proof of claim asserts that the claim enjoys priority status to the extent of $47,442.44, with the balance being a nonpriority unsecured claim.

The debtor filed an objection to the proof of claim in which he objected only to the Commonwealth's claim of priority status for the 2001 taxes.[1] He argued that priority should be disallowed as to the 2001 portion of the claim because 2001 was

---

1. It is not clear precisely how much of the priority portion of the claim is attributable to the year 2001. However, an itemization attached to the proof of claim shows that all but $618.14 of the entire claim is attributable to 2001.

outside the scope of the priority period, with 2002 being the earliest priority year. He stated that he had filed his tax returns for 2002, 2003, and 2004 before he filed his bankruptcy petition, and that this fact was relevant to the determination of whether 2001 was within the priority period. The Commonwealth replied that, under the plain language of 11 U.S.C. § 507(a)(8)(A)(i), 2001 was a priority year because the return for that year was last due after three years before the date of the filing of the petition.[2]

After a hearing on the objection to claim, the bankruptcy judge allowed the claim as filed and overruled the debtor's objection to it. In a short memorandum of decision, he explained that the language of § 507(a)(8)(A)(i) is unambiguous and determines priority status according to when a return is last due, not when the return is actually filed. The debtor's return for 2001 was last due on the fifteenth of April following the close of the calendar year, i.e., on April 15, 2002. Therefore, taxes for 2001 had priority status. The debtor timely appealed from the court's order.

On appeal, the debtor argues that 11 U.S.C. § 507(a)(8)(A)(i) was intended to create a priority period of three years in duration, the so-called "three year look-back." As construed by the bankruptcy judge, however, the priority period is extended to include 2001, effectively extending the period to four years, which he contends is contrary to the spirit of the statute. The debtor contends that the priority period for his case should include 2004 because, although the return for 2004 was due after his bankruptcy filing, he was free to file it before it was due, and he did in fact file his return before the filing. By having done so, he argues, he effectively

brought 2004 within the priority period and made it the last year of the three-year priority period. Therefore, he reasons, the three-year period began with 2002 and ended with 2004, and 2001 should properly be deemed outside the priority period.

The Commonwealth of Puerto Rico argues that the language of § 507(a)(8)(A)(i) is plain and unambiguous and therefore that its interpretation requires no recourse to considerations beyond the statutory language. Section 507(a)(8)(A)(i) looks not to when a return is actually filed but to when a return was "last due," as determined by the law of Puerto Rico. If the return for a particular tax year was last due, including extensions, after three years before the date of the filing of the petition, then that tax year is within the priority period. Tax year 2001 satisfies that requirement because the debtor's return for that year was last due on April 15, 2002, after three years before February 24, 2005, the date of the filing of the petition.

## II. JURISDICTION AND STANDARD OF REVIEW

 The Bankruptcy Appellate Panel has jurisdiction over this appeal, as an appeal from a final order of a bankruptcy judge, by virtue of 28 U.S.C. § 158(a)(1) and (c)(1). An order determining the validity or priority of a claim is a final order. *Beneke Co., Inc. v. Economy Lodging Systems, Inc. (In re Economy Lodging Systems., Inc.)*, 234 B.R. 691, 693 (6th Cir. BAP 1999) (order disallowing unsecured claim and denying administrative priority for postpetition fees is final appealable order). The sole issue before the panel is one of law, which we review de novo. *TI Federal Credit Union v. DelBonis*, 72 F.3d

---

**2.** The parties agree that, under the law of Puerto Rico, the debtor's tax return for 2001 was last due on April 15, 2002.

921, 928 (1st Cir.1995) (appellate courts subject legal conclusions of bankruptcy courts to de novo review).

### III. DISCUSSION

■ Subsection 507(a)(8)(A)[3] of the Bankruptcy Code grants priority treatment to three categories of "unsecured claims of governmental units" for taxes "on or measured by income or gross receipts." 11 U.S.C. § 507(a)(8)(A). The three categories are specified in subsections (i), (ii), and (iii) of § 507(a)(8)(A). The Commonwealth contends that its claim qualifies for treatment under subsection (i). The debtor, while not disputing that the Commonwealth's claim is an unsecured claim of a governmental unit for taxes on income, contends that the claim does not qualify for priority status because it does not meet the requirements of subsection (i).

Subsection (i) requires that the tax in question be one "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(i). Under this language, priority is deter-

mined by the "taxable year" of the tax.[4] In order to qualify for priority under subsection (i), the tax must be for a taxable year that satisfies two requirements: the taxable year must "end[ ] on or before the date of the filing of the petition," and the taxable year must be one "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." Here, the first requirement is satisfied and not in controversy: the debtor does not deny that the taxes in question, being for the year 2001, are for a taxable year (2001) that ended before the date of the filing of his bankruptcy petition in 2005.

The disagreement is limited to the second requirement, whether taxable year 2001 is a taxable year "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." Even here, the disagreement is narrow. The debtor does not dispute that, under the law of Puerto Rico, the return for his 2001 income taxes was last due on the 15th of April, 2002. Nor does (or could) he deny that this date, April 15, 2002, was within three years before the date on which he filed his bankruptcy petition, February 24, 2005.

3. In relevant part, § 507(a)(8)(A) states:
 (a) The following expenses and claims have priority in the following order: ...
 (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
 (A) a tax on or measured by income or gross receipts—
 (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. 11 U.S.C. § 507(a)(8)(A)(i) (prior to 2005 amendment). This language became part of the Bankruptcy Code in 1978 with the adoption of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat 2549 (1978), and remained unchanged until it was modified

(though not materially) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat 23 (2005) (the "2005 Act"). The present case was commenced before the enactment and effective dates of the 2005 Act and therefore is governed by the law as it existed before the 2005 Act. The modification effected by the 2005 Act simply moves the phrase "for a taxable year ending on or before the date of the petition" from the beginning of subsection (a)(8)(A)(i) to the end of subsection (a)(8)(A).

4. "Taxable year" is not defined in the Bankruptcy Code. As do the parties, we construe it to mean the year—calendar or fiscal, as the case may be—whose income or gross receipts are being taxed: in this instance, calendar year 2001.

Rather, he contends, subsection (i) should not be construed precisely as it reads but according to its evident intent. His argument includes the following steps: first, the spirit of that subsection is to create a priority period of only three years; second, in this instance, 2004 was the last of the three years; and third, 2002 was therefore the earliest of the three years, and 2001 was not a priority year. The Commonwealth, on the other hand, argues that subsection (i) is clear on its face and therefore should be construed in accordance with its plain meaning. It reaches back to include liability for any tax year whose return was last due after three years before the date of the filing.

■ We agree with the Commonwealth that the statute should be construed in accordance with its plain meaning. Where a statute's language is plain, the court's inquiry into its meaning need go no further than that language. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The language in question is plain and unambiguous. It specifies that, in order to qualify for priority, a tax year must (in relevant part) be one "for which a return, if required, *is last due,* including extensions, after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(i) (emphasis added). It plainly determines the priority of the tax for a given tax year by the date on which the return for that year is due.

Though courts have seldom addressed this issue, those that have addressed it have read it accordingly and discerned no ambiguity in it. Thus, the Court of Appeals for the First Circuit said of § 507(a)(8)(A)(i), albeit in dicta: "This convoluted language is commonly understood to describe claims for taxes *for which the return was due* three years or less before the petition was filed." *In re Young,* 233

F.3d 56, 57 (1st Cir.2000) (emphasis added). Likewise, on further review in the same case, the Supreme Court stated, also in dicta:

> This is commonly known as the "three-year lookback period." If the IRS has a claim for taxes *for which the return was due* within three years before the bankruptcy petition was filed, the claim enjoys eighth priority under § 507(a)(8)(A)(i).

*Young v. United States,* 535 U.S. 43, 46, 122 S.Ct. 1036, 1038, 152 L.Ed.2d 79 (2002) (emphasis added). And, addressing the issue on its merits, a bankruptcy judge held that in § 507(a)(8)(A)(i), "the Bankruptcy Code provides for the determination of priority and nondischargeability of income taxes with reference to the date the return is last due." *In re Moore,* 214 B.R. 887, 890 (Bankr.E.D.Ark.1997). We discern no ambiguity in § 507(a)(8)(A)(i) and therefore no need to look beyond it to other indicia of legislative intent.

■ Only where "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters" may the court construe the statute in accordance with legislative intent gleaned from other sources. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Here, the debtor has cited no evidence that the drafters had a contrary intent.

Courts that have looked beyond the language of the statute for the legislative intent behind the tax priority provisions in § 507 have discerned nothing inconsistent with the plain meaning of the language at issue. In *In re Pemberton Pub, Inc.,* 29 B.R. 519, 520–21 (Bankr.D.Mass.1983), the bankruptcy judge was faced with language in the tax priority subsection of § 507(a)

(which, at that time, was codified at § 507(a)(6)) that was, in all relevant respects, identical to the language presently under consideration: it granted priority to an excise tax on a prepetition transaction "for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition." The specific issue before the Court was whether a certain excise tax would enjoy priority status where, though the return for such tax was due *before* three years before the date of the filing of the petition, the return was actually filed *after* three years before the date of the filing of the petition. The court looked to the legislative history of § 507 and, specifically, to the report of the Senate Finance Committee. In relevant part, the report stated that the tax priority language in § 507 "retains two important priority rules of present [*i.e.*, pre-Bankruptcy Code] bankruptcy law: first, for tax claims *for which the tax return was due* not more than three years before the bankruptcy petition was filed." Report of the Committee on Finance, United States Senate, S.Rep. No. 1106, 95th Cong., 2nd Sess. (1978) (emphasis added). On the basis of this report, the court concluded that the due date was the operative date:

> Both the legislative history and § 507 refer to the due date as the operative date. Nothing in the legislative history indicates that the operative date should change because the debtor failed to file a return.

*In re Pemberton Pub, Inc.*, 29 B.R. at 521. Likewise, in *In re Bradley*, 36 B.R. 655, 656 (Bankr.D.Md.1984), which concerned the very language now at issue (but then codified at § 507(a)(6)(A)(i)), the court held that

> the wording "for which a return, if required, is last due ... after three years before the date of the filing of the peti-

tion" was intended to resolve the litigation over the prior Bankruptcy Act wording "legally due and owing," by specifically indicating that the return due date was the referenced point in time. *Id.* For this reason, and as in *Pemberton Pub,* the court held that the priority status of the tax was determined by the due date of the return, not by the date on which the return was actually filed.

In view of these cases and of the light they shed on legislative intent, we conclude that a literal application of the language at issue would not be demonstrably at odds with—indeed appears entirely consistent with—the intentions of its drafters. We therefore reject the debtor's contention that the priority period is limited to the three taxable years immediately preceding the filing of the bankruptcy petition. Where, as here, the return for the fourth taxable year before the filing was last due after three years before the bankruptcy filing, that year is a priority year under § 507(a)(8)(A)(i). Accordingly, we affirm.