Steven R. JULIAN, Plaintiff,

v.

SAFELITE GLASS CORP., Defendant.

No. 96–0864–CV–W–9.

United States District Court,
W.D. Missouri,
Western Division.

Jan. 27, 1998.

G. Edwin Proctor, Jr., Heavner, Jarrett & Kimball, Kansas City, MO, for Plaintiff.

Stephen M. Bledsoe, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Karen R. Glickstein, Foland & Wickens, Kansas City, MO, for Defendant.

---

*ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANT'S MO-TION FOR SUMMARY JUDGMENT*

BARTLETT, Chief Judge.

## I.

## BACKGROUND

Plaintiff Steven Julian, a white male, began working for defendant Safelite Glass Corporation (Safelite) in March, 1990. Complaint, ¶ 13. In November of 1995, plaintiff's job title at Safelite was DCC/Warehouse Manager. Julian deposition, p. 36.

In December of 1995, Jerry Jackson, a black male, became plaintiff's supervisor. Undisputed Fact 2.

Plaintiff was one member of a three-member management team responsible for certain operations of the defendant. Julian deposition, pp. 51, 61, 107. The other members of the management team were Lisa Gilio and Cecilia Foster. *Id.* at 61, 68

On January 26, 1996, plaintiff was warned in writing that his performance was inadequate because he was not meeting Safelite's Key Performance Indicators. Undisputed Fact 32, 33; Defendant's Exhibit C (Disciplinary Report dated January 26, 1996). Plaintiff's performance had not improved to a satisfactory level by February 29, 1997. Undisputed Fact 34.

On April 8, 1996, plaintiff received a Final Warning and was given 30 days to improve his job performance. Defendant's Exhibit E (Disciplinary Report dated April 8, 1996).

On April 23, 1996, plaintiff was discharged from his employment at Safelite. Complaint, ¶ 14.

The female managers in the management team, Gilio and Foster, were not disciplined or terminated by Safelite.

On May 20, 1996, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that he was disciplined during his employment and discharged because of his race and sex.

On August 15, 1996, plaintiff filed the Complaint in this case against Safelite. In Count I of his Complaint, plaintiff alleges that he was discriminated against on the basis of his sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e, et seq. Complaint, ¶¶ 12–23. In Count II of his Complaint, plaintiff alleges that he was discriminated against on the basis of his race in violation of Title VII. Complaint, ¶¶ 24–35.

On October 8, 1997, defendant filed a Motion for Summary Judgment.

## II.

## STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States,* 600 F.2d 725, 727–28 (8th Cir.1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning,* 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter,* 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). *See also City of Mt. Pleasant v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 323–25, 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* at 249, 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Anderson,* 477 U.S. at 249–51, 106 S.Ct. at 2511. Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251–53, 106 S.Ct. at 2512.

### III.

### DISCUSSION

In his Complaint, plaintiff alleges that he was treated differently than similarly situated managers at Safelite during the course of his employment because he was harassed and disciplined when other managers were not. He also alleges that he was discriminatorily discharged from his employment.

Plaintiff's claims based on his discharge will be addressed separately from the claims based on Jackson's alleged discrimination during the course of plaintiff's employment at Safelite (e.g., the harassment and discriminatory discipline).

### A. *Claims Arising During Plaintiff's Employment*

Plaintiff asserts that he was discriminated against during his employment because of his

sex when he was disciplined for his performance and the female managers were not disciplined. Plaintiff also asserts that he was discriminated against when he was required to work more hours than the female managers.

Plaintiff asserts that he was harassed during his employment because of his race when his supervisor, Jackson, made offensive racial comments.

Defendant moves for summary judgment on plaintiff's claims that arose during his employment on the grounds that 1) plaintiff did not exhaust his administrative remedies with regard to these claims, and 2) plaintiff did not complain to Safelite's upper level management about the alleged misconduct.

### 1. Exhaustion of remedies.

Title VII establishes administrative procedures that a complaining employee must follow before filing a lawsuit in federal court. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994). One requirement is that the employee file a timely charge of discrimination with the EEOC setting forth the alleged misconduct and the nature of the charge. *Id.*; 42 U.S.C. § 2000e–5. A plaintiff will be deemed to have satisfied this administrative requirement as to allegations raised in a subsequent Complaint that are "like or reasonably related to the substance" of the allegations raised in the EEOC charge. *Id.*

In one case, the Eighth Circuit Court of Appeals concluded that a claim of racial harassment did not fall within the scope of an EEOC charge of discrimination that alleged unlawful discharge. *See, Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 672–74 (8th Cir. 1994) (following *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110–12 (7th Cir.1992)). The Eighth Circuit Court of Appeals stated that "contrary to [plaintiff's] contention, an administrative investigation of his discriminatory discharge complaint would not reasonably be expected to uncover evidence of prior racial harassment at [defendant]." *Id.* at 673 (incidents of alleged harassment were unrelated to plaintiff's discharge claim). Therefore, the Eighth Circuit Court of Appeals concluded that the plaintiff in *Tart* had not exhausted his harassment claim. *Id.*

■ Here, plaintiff filed an EEOC charge of discrimination alleging that he was treated differently than other female managers at Safelite. Plaintiff's complaint, Exhibit A (Charge of Discrimination dated May 20, 1996) Specifically, plaintiff alleged in his EEOC charge that he was disciplined by his supervisor and discharged when similarly situated female managers were not disciplined or discharged. *Id.* ("[Jackson] did not discipline female managers who shared responsibility for productivity."). Therefore, plaintiff has exhausted his administrative remedies with regard to his claim that he received disparate treatment during his employment because of his sex. Accordingly, defendant's argument that plaintiff's claim of disparate treatment during his employment because of his sex were not exhausted at the administrative level is without merit.

■ However, plaintiff's EEOC charge does not include any specific allegation that he was harassed by Jackson during his employment because of his race or that he suffered a hostile work environment because of his race. Therefore, the racial harassment claim in plaintiff's Complaint is barred unless it is "like or reasonably related" to the substance of allegations raised in the EEOC charge.

In his EEOC charge, plaintiff alleged that he was terminated because of his race. In opposition to defendant's Motion for Summary Judgment and in support of his allegation of unlawful termination, plaintiff submitted the same facts that allegedly constituted acts of harassment during his employment (i.e., racially motivated comments by Jackson). *See, e.g.*, Plaintiff's Suggestions, pp. 13–14. Therefore, unlike the facts in *Tart*, an investigation of Julian's discharge claim would be reasonably expected to uncover evidence of harassment.

Plaintiff's claim for racial harassment during his employment is reasonably related to the substance of his discharge claim and is not barred. Accordingly, defendant's argument that plaintiff's claim of race discrimination during his employment was not exhausted at the administrative level is without merit.

### 2. Notification of management by plaintiff

■ Defendant also moves for summary judgment on plaintiff's claims that arose during his employment on the ground that plaintiff did not report the alleged misconduct as required by defendant's anti-harassment policy.

■ To prevail on a claim of sex discrimination, a plaintiff must demonstrate, *inter alia*, that the plaintiff's employer knew or should have known of the harassment and failed to take proper remedial action. *See, Davis v. City of Sioux City*, 115 F.3d 1365, 1368 n. 5 (8th Cir.1997) (citing *Hall v. Gus Constr. Co.*, 842 F.2d 1010, 1013 (8th Cir. 1988)). A plaintiff must demonstrate that the employer "knew or should have known" of the unlawful conduct even if the plaintiff's supervisor was the culpable actor. *Id.* (citing *Smith v. St. Louis Univ.*, 109 F.3d 1261, 1264 (8th Cir.1997) ("Despite the fact that the plaintiff's supervisor had been the source of the harassment, we did not automatically impute liability to the hospital or alter the knew of should have known language typically used in hostile environment cases.")).

Therefore, it is necessary to decide whether the plaintiff in this case has presented facts from which a jury could conclude that the defendant knew or should have known about the alleged acts of sex and race discrimination during plaintiff's employment.

There is no basis in the record from which a reasonable jury could find that Safelite knew or should have known about Jackson's allegedly discriminatory behavior. The undisputed facts would not allow a reasonable jury to find that the defendant had notice of plaintiff's complaints. For example, plaintiff "admits that he never complained to anyone in the human resources department directly about Mr. Jackson...." Uncontroverted Fact 18. However, plaintiff qualifies his admission by stating that he did not raise his complaints "because the human resources contact person was located in California and in order to talk with him, an employee had to leave a voice mail. [citation omitted]. Plaintiff did, on one occasion, complain to [the contact person] about another employee under Mr. Jackson's supervision." *Id.*

Based on plaintiff's admission, it is undisputed that plaintiff had been able to reach the human resources department for previous and unrelated complaints but that he never complained about Jackson's alleged misconduct. Furthermore, plaintiff admitted that he never complained to Jackson's supervisor about plaintiff's feeling that he was being treated differently because of his sex or race. Undisputed Fact 22.

Therefore, plaintiff has not presented facts from which a reasonable jury could find that the defendant knew or should have known about the alleged acts of harassment or discriminatory discipline. Accordingly, defendant's Motion for Summary Judgment on plaintiff's discrimination claims that arose during plaintiff's employment will be granted.

### B. *Plaintiff's Discharge Claims*

It is undisputed that plaintiff's claims of discriminatory discharge were raised in his EEOC charge and are properly before the court. Therefore, it is necessary to determine whether plaintiff has presented facts creating an issue for trial regarding plaintiff's claims that he was terminated from Safelite because of his race and sex.

Plaintiff does not purport to have direct evidence that his discharge was motivated by his sex or race. Therefore, plaintiff argues that application of the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), demonstrates that there is an inference of discrimination to be presented to the jury. *See* Plaintiff's Opposition, pp. 12–14.

Under *McDonnell Douglas*, a plaintiff must present a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 792. To allege a prima facie case of discriminatory discharge under Title VII, a plaintiff must allege that he was a member of a protected class, that he was qualified for the job, that he was discharged, and that the adverse employment decision was based on a discriminatory criterion. *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 483–84 (8th Cir.1997).

If the plaintiff establishes a prima facie case, there is a presumption of unlawful discrimination and the burden shifts to the defendant to present a legitimate, nondis-

criminatory reason for its decision. *Id.;* *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 116 S.Ct. 1307, 1309, 134 L.Ed.2d 433 (1996).

If the defendant satisfies its burden of presenting a legitimate reason for its decision, the presumption of discrimination drops from the case and the plaintiff must demonstrate that the defendant's proffered reason was a mere pretext for discrimination. *Id.* Pretext is normally a question of fact for the jury to decide. *See, Miners v. Cargill Comm., Inc.,* 113 F.3d 820, 823 (8th Cir.1997) (citing *Texas Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). In considering the issue of pretext, the jury may consider facts supporting the plaintiff's prima facie case and the inferences drawn from those facts. *Id.*

■ Here, defendant argues that plaintiff was not qualified for the position he held and that he was discharged for a legitimate, non-discriminatory reason. Defendant's Suggestions, p. 15. Specifically, defendant argues that plaintiff was discharged because he was not meeting company performance goals.

Because defendant has not persuaded me that plaintiff was not qualified for the position and because defendant has presented a legitimate, nondiscriminatory reason for its decision, it is necessary to determine whether plaintiff has presented facts from which a jury could conclude that defendant's proffered reason is merely pretext for discrimination.

With regard to his sex discrimination claim, plaintiff presented facts showing that similarly situated female managers, Gilio and Foster [1], were responsible, in part, for the unsatisfactory performance goals but were not terminated. Julian deposition, pp. 107–08, 110, 149. Plaintiff also presented facts showing that the statistics by which his performance was measured were incomplete. Julian deposition, Vol. II, pp. 34–35. View-

ing these facts in the light most favorable to the plaintiff, and giving plaintiff the benefit of all reasonable inferences, a reasonable jury could find that defendant's proffered legitimate reason for terminating plaintiff was merely a pretext for discrimination. Therefore, there is an issue for trial and defendant's Motion for Summary Judgment on plaintiff's claim that he was terminated because of his sex will be denied.

■ With regard to plaintiff's race discrimination claim, plaintiff presented facts showing that his supervisor made numerous racial comments in the workplace. For example, plaintiff testified that Jackson made statements to the effect that Jackson had been a black installer and that he was now a black supervisor and that the "white guys" should "watch out". Julian deposition, p. 66. Plaintiff also testified that Jackson referred to certain workers as "white trash" (*id.* at 100) and commented that "we're all black when we're born, it just washes off some of us when we come out." *Id.* at 69.

Plaintiff also presented facts showing that Jackson did not discipline or terminate a black employee who took money from the company and left work without permission. *Id.* at 73, 77, 79, 81, 176–77.

Viewing these facts in the light most favorable to the plaintiff, and giving plaintiff the benefit of all reasonable inferences, a reasonable jury could find that defendant's proffered legitimate reason for terminating plaintiff was merely a pretext for discrimination. Therefore, there is an issue for trial and defendant's Motion for Summary Judgment on plaintiff's claim that he was terminated because of his race will be denied.

### C. *Plaintiff's Allegations of Emotional Distress*

In both Count I and Count II of his Complaint, plaintiff alleges that as a result of the alleged discrimination he suffered "physical,

---

1. There is some confusion regarding the race of plaintiff's fellow-managers. In his brief, plaintiff states that the three-member management team consisted of "two female employees, one white and one black." Plaintiff's Suggestions, p. 12. In his brief, plaintiff refers to Foster, one of the female employees, as a black female. *Id.* at 10. However, in his deposition, plaintiff identified

Foster as a white female. Julian deposition, p. 68. Based on this statement and the materials submitted by the parties, it is impossible to determine the race of the other female manager, Lisa Gilio. Because the treatment of Gilio and Foster relate to plaintiff's claim of sex discrimination (Julian deposition, Vol. II, p. 18), the race of Gilio is immaterial at this stage.

emotional and mental pain, anguish and distress." Complaint, ¶¶ 23, 35.

■ Damages for emotional pain and suffering are available under Title VII. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

■ Defendant moves for summary judgment on plaintiff's claims for emotional distress on the ground that plaintiff's general complaints of stress are not sufficiently specific to support an award of damages. Defendant's Suggestions, p. 19. Defendant relies primarily on *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927 (5th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 767, 136 L.Ed.2d 713 (1997). In *Patterson,* the district court awarded damages for emotional distress damages to the plaintiff after a bench trial. *Id.* at 940. After reviewing the evidence presented at trial, the Fifth Circuit Court of Appeals vacated the award of damages for emotional distress and directed the district court to award nominal damages. *Id.* at 941. The Fifth Circuit Court of Appeals relied, in part, on the fact that the plaintiff was not subjected to racist or sexist comments at work and did not demonstrate the nature and extent of her emotional harm. *Id.*

The instant case is before the court on defendant's Motion for Summary Judgment. Therefore, it is in a different procedural posture than *Patterson.* Here, there has been no trial and I do not have all the evidence before me. Because the case has not been submitted for a decision on the merits, I cannot weigh the evidence or decide as a matter of law whether plaintiff is entitled to an award of damages for emotional distress. The record before me consists of plaintiff's allegation that he suffered emotional injury (Complaint, ¶¶ 23, 35) and plaintiff's deposition testimony that his termination and resulting change in financial position caused stress to him and to his family. Julian deposition, p. 154.

Although plaintiff may not ultimately prevail on his claims for emotional distress, I cannot say as a matter of law that plaintiff is not entitled to recover for damages for emotional distress. Therefore, defendant's Motion for Summary Judgment on plaintiff's claims for emotional distress will be denied.

### D. *Plaintiff's Demand for Punitive Damages*

In both Counts of his Complaint, plaintiff demands punitive damages from defendant. Complaint, pp. 5, 8.

■ Defendant moves for summary judgment on plaintiff's claims for punitive damages on the ground that plaintiff has not made a showing of intentional discrimination. Defendant's Suggestions, p. 20.

■ Punitive damages are available in Title VII cases upon a showing that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights. *See Karcher v. Emerson Elec. Co.*, 94 F.3d 502, 509 (8th Cir.1996).

Because plaintiff has presented facts from which a reasonable jury could find that defendant acted with malice or reckless indifference to plaintiff's federally protected rights, defendant's Motion for Summary Judgment on plaintiff's claims for punitive damages will be denied.

### IV.

### CONCLUSION

Accordingly, it is ORDERED that:

1) defendant's Motion for Summary Judgment is granted in part and denied in part;

2) defendant's Motion for Summary Judgment on plaintiff's claim of race discrimination during the course of his employment at Safelite is granted;

3) defendant's Motion for Summary Judgment on plaintiff's claim of sex discrimination during the course of his employment at Safelite is granted;

4) defendant's Motion for Summary Judgment on plaintiff's claim of discriminatory discharge is denied;

5) defendant's Motion for Summary Judgment on plaintiff's claims for damages for emotional distress is denied; and

6) defendant's Motion for Summary Judgment on plaintiff's claims for punitive damages is denied.